## CITY OF RATON v. RATON ICE CO. et al.
(two cases.)

## SAME v. YANKEE FUEL CO. et al.

(Nos. 2321-2323.    July 1, 1920.)

### SYLLABUS BY THE COURT.

1.   Codification 1915, § 3564, subds. 67-70, inclusive, and subdivision 91, Codification 1915, §§ 2098 to 2108, inclusive, Codification 1915, §§ 2110 to 2118, inclusive, construed and held to grant the power of eminent domain to a city for the purpose of constructing a waterworks system.    P. 302

2.   The use of rights of way and reservoir sites by a water company is not exclusive, and another public service corporation may be permitted to use them jointly with the first company.    P. 307

Appeal from District Court, Colfax County; Leib, Judge.

Separate actions by the City of Raton against the Raton Ice Company, the Yankee Fuel Company, and others. Judgment for plaintiff in each case, and defendants appeal. Affirmed.

JESSE G. NORTHCUTT, of Denver, Colo., and MORROW & ALFORD, of Raton, (F. S. MERRIAN, of Raton, of counsel), for appellants.

H. L. BICKLEY, of Raton, and A. T. ROGERS, of East Las Vegas, for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J.   The facts in this case, so far as they are material to an understanding of the matters in dispute, are substantially as follows:

In the year 1912 the city of Raton decided to own its waterworks system for supplying the city with water. Being unable to purchase or otherwise acquire the

waterworks system of the Raton Waterworks Company, one of the appellants, which was then operating at Raton, the city decided to construct its own waterworks system. In 1912, at an election held, the city of Raton was authorized to issue bonds to the extent of $400,000 for the construction of such waterworks system. An application was made to the state engineer for the purpose of acquiring water rights in Sugarite Canon, and a permit was granted which authorized the city to construct its reservoir No. 2 at Lake Maloya, the site of the appellant waterworks company's reservoir, and to use the same jointly with the waterworks company. Thereafter a contract was entered into for the construction of such waterworks system, and the same was completed in the year 1916. The city of Raton has been furnishing water to its inhabitants for domestic, irrigation, and other purposes since 1916. Its reservoir No. 2 was built on the site of Lake Maloya, by reinforcing, raising, and extending the dam and increasing the capacity thereof, and its pipe line was laid from this reservoir No. 2 to the city of Raton, passing through tracts Nos. 1, 2, and 3 of the land involved in this appeal. The city council of the city of Raton authorized the mayor to negotiate with the appellants herein for the purchase of said reservoir site for reservoir No. 2, and for the pipe line right of way leading from and passing through tracts 1, 2, and 3. After some negotiations the city of Raton was unable to agree with the owners of the land involved, and a committee appointed for that purpose having so reported to the city council, thereafter the city ordered the condemnation proceedings to be instituted.

Upon filing the petition in condemnation and upon the showing made and giving bond as directed by the court, the city of Raton was let into possession of said land for its pipe line right of way, and the work of laying the pipe line was immediately commenced. The appellants filed their written protest against letting the petitioner into possession of these lands and there-

after filed their answer herein. Later they filed an amended answer, raising certain defenses and issues as follows: (1) That appellants were deprived of their property without due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States; (2) that there was no statutory authority for a city to condemn land for purposes of erecting waterworks more than two miles beyond the city limits; (3) that no effort was made to agree upon proper compensation with the appellants, which is a condition precedent to condemnation proceedings; (4) that the appellants' property was dedicated to a prior public use which was equal in dignity to that of the purpose for which the condemnation was sought; (5) that no proper notice was given to certain of the appellants. These points were raised at various stages of the trial below and were carried forward into the assignments of error. The case was tried on December 13, 1916, upon the issues presented. Appellants introduced no evidence. In 1918, January 10, a decree was entered by the court resolving the issues in favor of the city of Raton and appointing commissioners to assess damages. Exceptions were filed to this decree and this appeal is taken from it.

In the court below there were three separate cases in that court, which were numbered 4220, 4055, and 4192, and they are respectively in this court Nos. 2321, 2322, and 2323. They were consolidated in the lower court for the purpose of trial, but have been separately appealed. In all three causes the Raton Waterworks Company of New Mexico has appealed. In causes 2321 and 2322 the Raton Ice Company has also appealed; in cause 2321 the Santa Fe, Raton & Eastern Railway Company joined in the appeal. The Raton Waterworks Company of New York, a New York corporation, and the Yankee Fuel Company, a Colorado corporation, also joined in causes 2322 and 2323, respectively. The cases may all be considered together.

(1) Appellants contend that the trial court was without jurisdiction in the premises and that there is

no statutory authority for the condemnation proceeding which was attempted. It seems to be admitted by both sides that the power of eminent domain sought to be exercised by the appellee is not to be implied, but must be granted by express statutory enactment, and that if no such power is granted none exists. Lewis on Eminent Domain (3d Ed.) pars. 367 and 371. The question whether or not such authority exists depends upon the construction of statutes passed at three different sessions of the Legislature, all of which are found in Code 1915. Subdivisions 68 to 71, inclusive, of section 3564, are subdivisions 67-70, inclusive, of chapter 39, § 14, of the Laws of 1884. Subdivision 91 of section 3564, Code 1915, is section 1, c. 3, of the Laws of 1891. Sections 2098 to 2108, inclusive, and sections 2110 to 2118, inclusive, of the Code of 1915, are sections 1 to 11, inclusive, and 13 to 21, inclusive, of chapter 97, Laws of 1905. The first act on the subject is chapter 39, Laws of 1884, entitled "An act to incorporate cities and towns." Section 14 of this act gives to the city council and boards of trustees in towns certain powers, and subsections 68, 69, and 70 of this act authorize the construction and operation of waterworks, either by the city or by the granting of permission to private individuals or incorporated companies to build and operate such waterworks. Section 70, the section upon which appellee relies in part, is as follows:

"Cities or towns are hereby authorized to condemn and appropriate so much private property as shall be necessary for the construction and operation of said waterworks or gas works, in such manner as is or may be prescribed by law."

The next statutory enactment which is material to this discussion is chapter 3, Laws of 1891, § 1, which reads as follows:

"That municipal corporations shall have the power and right of condemnation of private property for public use in the following cases, to wit: For laying out, opening and widening of streets and alleys and highways or approaches to streets; and for the construction, maintenance and operation of sewers, drains, waterworks and gas works, both within their corporate limits and for a distance of two miles outside of the same."

The Legislature further enacted laws upon this subject in the year 1905, the law being chapter 97, Laws 1905, where method of procedure for condemnation of land for public purposes is set out in an act composed of 21 sections. Section 1, in so far as material, reads as follows:

"In case lands or other property are sought to be appropriated by any railroad, telephone, telegraph company created or authorized to do business under the laws of this territory, for public use, and such corporation and owner of such lands cannot agree upon proper compensation. * * *"

The statute then sets forth the method of procedure for condemnation. Later in the same act, chapter 97, Laws 1905, § 15, is as follows:

"In addition to the purposes hereinbefore specifically mentioned for which property may be condemned under the provisions of this act, it may also be condemned * * * for canals, aqueducts, reservoirs, tunnels, flumes, ditches or pipes for conducting or storing water for the use of the inhabitants of any county, incorporated city, city and county village or town, * * * also for ferries, bridges, public roads, electric and horse railroads or other roads for other vehicles for public use, for canals, ditches, flumes, aqueducts and pipes, for irrigation. * * *"

This last section, namely, 15, chapter 97, of the Laws of 1905, is carried forward into the Code of 1915 as section 2112, which section is a part of the chapter entitled "Eminent Domain." The law of 1884 heretofore referred to, namely, chapter 39, Laws 1884, is carried forward into the Code of 1915, and is a part of section 3564, being a chapter relating to municipal corporations. There are other provisions in the Laws of 1884 in regard to the powers of municipalities owning and operating waterworks and the right to condemn for such purpose, but they need not be set out here in full.

The contention of the appellants is that the law of 1891 restricts a city in the exercise of eminent domain to the condemnation of land situated not more than two miles from the city limits. It is argued that the broad grant of power given in the law of 1884 is restricted by the law of 1891, and that the subsequent act of 1905 is

merely a procedure statute, specifying the manner in which the right of eminent domain may be exercised without extending such right of eminent domain to municipal corporations.

With this contention we do not agree. The statutes should all be construed together. The act of 1884 is a grant of power to municipal corporations and contains a specific grant of eminent domain to a municipal corporation. The act of 1905, although dealing largely with procedure, by its terms in the section above quoted, grants the power of eminent. domain to condemn lands for reservoirs, ditches, or pipes for conducting or storing water for the use of the inhabitnats of a municipality. The act of 1891, although apparently inconsistent with provisions of the other statutes, does not conflict with the powers granted both by the prior act of 1884 and the subsequent act of 1905.

In view of all the express provisions of the act of 1905 (Code 1915, § 2112), the act of 1891 (Code 1915, § 3564, subd. 91) is either in conflict with the later act and is repealed by it or is to be construed with and relates to a specific power granted and included within the grant in the subsequent act./ We are inclined to the view that the latter alternative is correct. The act of 1891 does not limit the power granted in general broad terms by the act of.1905. This view is borne out by the various provisions of the acts of 1884 and 1905, which grant to cities rights and duties inconsistent with the view maintained by the appellants that this statute is a limitation on the power of eminent domain and restricts its exercise for the construction of waterworks for cities to a distance of two miles from the city limits. The other provisions last mentioned are subsections 68, 69, and 73 of section 3564, Code 1915, being subdivisions 68, 69, and 72 of section 14, c. 39, of the Laws of 1884, where the power is given to cities to (68) erect water works or authorize others to erect them; (69) to construct or authorize the construction of waterworks

without their city limits and extending jurisdiction to protect the sources of the water supply for a distance of five miles above the point from which the water is taken; (73) to construct wells, cisterns, and reservoirs within or beyond the city limits for the purpose of supplying the city with water. Section 5656,, Code 1915, being section 3, c. 49, Laws of 1907, gives the right to any person, firm, or corporation, public or private, to acquire the right to the beneficial use of any waters; and section 3774, Code 1915, gives the right to villages both to establish and maintain waterworks and to acquire by condemnation, if necessary, springs or water sources not exceeding three miles from the village limits.

In view of all these provisions it seems improbable that the Legislature intended to restrict a city to a two-mile limitation for condemnation proceedings in constructing waterworks and in acquiring the source of its water supply. Such a limitation would be unreasonable, in view of the broad grants of power in the other sections hereinbefore set out, and the nature of the country for which the laws were enacted. The act of 1891 (chapter 3, § 1 [Code 1915, § 3564, subd. 91]), from its language as above quoted, has in contemplation the development or improvement of municipalities and the territory adajent thereto. It applies to widening streets, alleys, and highways, construction, maintenance, and operation of sewers, drains, waterworks and gas works within the city for two miles outside the same. It appears to apply to the distribution system of the water company rather than as a limitation of the distance to which a city could go in order to secure its supply of water. The provisions of the act itself as to widening approaches to streets, the operating and maintenance of sewers and drains, seems to bear out this construction. We conclude, therefore, that in view of all these matters the statute of 1891 is not a limitation on the power of condemnation granted previously in 1884 nor subsequently in 1905.

[2] It is further urged that the appellants have a right to the property in question as they are using it for a public purpose of equal dignity as the one for which the appellee seeks to condemn it. Appellants cite the case of Albuquerque v. Garcia, 17 N. M. 445, 130 Pac. 118, where the court held that the city of Albuquerque had no right to condemn for a street a public ditch. The case is not applicable to the present one. In Albuquerque v. Garcia, the court held that the right of condemnation did not exist where the property was devoted to a public use, and that the first public use could not be obliterated or destroyed. Here, however, no such relief is sought, but appellee is endeavoring to use the property in question jointly with the appellants. Such a right is sanctioned by statute (section 2110, Code 1915) in regard to railroads, and has been applied by this court in the case of A., T. & S. F. R. Co. v. Citizens' Traction Co., 16 N. M. 154, 113 Pac. 810. The appellants introduced no evidence, relying entirely on their amended answer, and there is nothing in the record to impeach the finding of the trial court that joint use of the property may be made and permitting the appellee to use it together with the appellants.

It is further urged that no effort was made by the appellee to agree upon compensation for the land in question before instituting the proceedings to condemn. The record, however, shows that an effort was made, both by verbal consultation and letters, which effort was unsuccessful.

The appellants further urge that certain defendants had no notice of the proceedings, but it appears from the record that they were nonresident corporations and that the law was complied with in regard to giving them the required notice. The court so held, and there is evidence in the record to sustain its findings in this regard.

There being no error in the record, the decision of the court below is therefor affirmed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.