In re Appropriation of Easements for Highway Purposes:
Quinn et al., Appellants, *v.* Preston, Dir.
of Highways, Appellee.

(No. 180—Decided May 25, 1960.)

*Mr. Arthur A. Klipfel,* for appellants.

*Mr. Mark McElroy,* attorney general, and *Mr. Timothy Juergens,* for appellee.

Crawford, J. This is a case of appropriation of land by the State Highway Department for the construction of new Route No. 25.

It now comes before the court upon the motion of the Director of Highways filed on April 5, 1960, to dismiss the appeal for the reason that the order appealed from is not a final order.

The notice of appeal was filed on March 23 and reads as follows:

"The landowners hereby give notice of appeal to the Court of Appeals from the judgment rendered by the Court of Common Pleas in the above-entitled cause on the 17th day of March, 1960, and its decision and subsequent entry on application for rehearing. Said appeal is on questions of law."

The essential part of the journal entry of March 17th overruled a request of the landowners questioning whether the Highway Department had made a bona fide effort to purchase the property and whether it had a right of possession after filing its declaration and finding and before the jury had determined the amount of compensation and damage due.

On the present motion to dismiss the appeal it is the contention of the appellee that the order appealed from is not a final order so as to be appealable under the provisions of Sections 2505.02 and 2505.03, Revised Code.

The only reported case cited in support of the motion is *In re Appropriation by Ohio Turnpike Commission*, 99 Ohio App., 221. That case involved the Ohio Turnpike Commission. The court held that the applicable statutes did not provide for the filing of any pleading by the landowners.

Appropriations by the Director of Highways are governed by different statutory provisions, namely, Chapter 5519, Revised Code. Section 5519.02, Revised Code, provides for the fixing of a day "for the hearing of all preliminary questions and motions and the examination of the papers and proceedings."

Therefore, the statutes governing this procedure contemplate the filing of such a motion as that by the landowners in this case. But it is clearly preliminary or interloctutory, and must fall under that designation in the statute cited, from which the authority to file it is derived.

The court's ruling in such a matter is not appealable, unless it is claimed that there has been abuse of discretion prejudicial to the rights of the appellant. 2 Ohio Jurisprudence (2d), 705, Appellate Review, Section 105; 3 Ohio Jurisprudence (2d), 715, Appellate Review, Section 746. No such claim is made here.

The motion to dismiss the appeal must be, and hereby is, sustained.

*Motion sustained.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.