681 P.2d 53

**W.G. KENNEDY and Betty L. Kennedy, his wife, Plaintiffs-Appellants,**

v.

**YATES PETROLEUM CORPORATION, a New Mexico corporation, Defendant-Appellee.**

No. 14986.

Supreme Court of New Mexico.

March 21, 1984.

McCormick & Forbes, John M. Caraway, Michael E. Dargel, Carlsbad, for plaintiffs-appellants.

Losee, Carson & Dickerson, Chad Dickerson, Artesia, for defendant-appellee.

## OPINION

SOSA, Senior Justice.

Plaintiffs W.G. and Betty L. Kennedy (Kennedys) brought a trespass action in the District Court of Eddy County seeking in-junctive relief, compensatory and punitive damages against Yates Petroleum Corporation (Yates) arising out of the discovery of a Yates natural gas pipeline crossing Kennedys' ranch property. The Kennedys alternatively stated a claim seeking damages for unjust enrichment and sought to quiet title. Yates, a private, independent corporation producing petroleum and natural gas, opposed the injunction on two grounds. It first asserted a right-of-way agreement for the pipeline had been executed between Yates and the Kennedys' predecessors in title, although the agreement was not properly recorded at the time the Kennedys purchased their ranch. Secondly, Yates asserted authority to condemn the pipeline right-of-way pursuant to the eminent domain provisions set forth at NMSA 1978, Section 70-3-5 (Cum.Supp. 1983) and Section 42A-1-22 (Repl.Pamp. 1981).

Although finding sufficient evidence of continuing trespass to warrant issuance of a preliminary injunction, the district court stayed issuance on the condition that Yates initiate condemnation proceedings. Yates filed a petition for condemnation in a separate action and a hearing was subsequently held on Yates' request for immediate possession of the right-of-way. The record indicates that at this hearing the district court ruled that the use for which the property was sought to be condemned was a public use as a matter of law by virtue of the fact that the Legislature had declared it to be such by enactment of Section 70-3-5. The court therefore concluded that Yates had an immediate right to possess the right-of-way.

On the basis of this determination in the condemnation action, the district court subsequently concluded in the trespass action that the statutory remedy of inverse condemnation was the exclusive remedy to which the Kennedys were entitled. The court therefore dismissed the Kennedys' trespass complaint with prejudice for failure to state a claim upon which relief could be granted under NMSA 1978, Civ.P. Rule 12(b)(6) (Repl.Pamp.1980). The Kennedys

appeal, claiming error in the dismissal since there was an improper finding of public use in the condemnation action. The Kennedys have not filed an appeal from the order of immediate possession since the trial court held further condemnation proceedings in abeyance pending resolution of the instant appeal in the trespass action.

We are asked to determine the effect the courts must give to the implied legislative declaration of public use in Section 70–3–5 where eminent domain proceedings are instituted by a private corporation pursuant to this section.

■ Section 70–3–5 provides in relevant part:

Any person, firm, association or corporation may exercise the right of eminent domain to take and acquire the necessary right-of-way for the construction, maintenance and operation of pipelines and other necessary facilities * * * for the purpose of conveyance of petroleum, natural gas, carbon dioxide gas and the products derived therefrom * * * * Such land and right-of-way shall be acquired in the manner provided by the Eminent Domain Code [42A–1–1 to 42A–1–33 NMSA 1978].

The Eminent Domain Code provides that a condemnor may petition the court for an order of immediate possession. NMSA 1978, § 42A–1–22 (Repl.Pamp.1981). Section 42A–1–22 further provides that at the hearing on such a petition "the court shall make an order authorizing the condemnor to take immediate possession of the property *if it finds that the use for which the property sought to be condemned is a public use* and that immediate possession is necessary." (Emphasis added.) These statutory provisions are grounded in the constitutional prohibition against taking or damaging private property for public use without just compensation. N.M. Const. art. II, § 20. It is axiomatic that this provision prohibits utilization of eminent domain for any private uses. *Threlkeld v. Third Judicial District Court*, 36 N.M. 350, 15 P.2d 671 (1932). Thus Yates, as condemnor, has no right to an order of immediate

possession without a proper finding of public use by the district court.

■ There is insufficient evidence in the condemnation action at this point which would support a finding that the use to which the pipeline is being put is indeed a public use. The district court in this action has taken no evidence relevant to the particular uses, purposes or operations of the pipeline. The district court has simply determined, based on a stipulation of the parties, that a Yates natural gas pipeline crossed the Kennedys' land. The court then ruled that Yates' pipeline use was a public use on the basis that the enactment of Section 70–3–5 represented a conclusive legislative determination that Yates' pipeline use was a per se public use.

The Kennedys maintain that in ruling as it did, the district court wrongly elevated the legislative declaration of public use in Section 70–3–5 to the status of an irrebuttable presumption. They essentially argue that the question of public use is one for the courts and the district court in this case gave complete deference to the implied legislative declaration of public use in Section 70–3–5.

As early as 1932, this Court was faced with the question whether a proposed use of land by a private company was indeed a public use which would support the power to condemn. In *Threlkeld*, the issue was whether a lumber company could condemn a railroad line across private land for the ultimate purposes of logging and transporting timber. This Court concluded that the Legislature had made no positive declarations of public use in the controlling eminent domain statutes and that the ultimate issue of public use was subject to judicial determination.

In *Gallup American Coal Co. v. Gallup Southwestern Coal Co.*, 39 N.M. 344, 47 P.2d 414 (1935) a condemnation judgment was obtained under a statute which granted coal mine owners eminent domain authority for rights of way over private lands. The question was whether it was within legislative competence to declare a public use in the coal mining industry

thereby allowing condemnation of private land to aid the industry. This Court squarely held the challenged statute unconstitutional insofar as it declared by implication a legislative determination of public use in coal mining. The coal mining industry, like the lumbering industry in *Threlkeld,* was determined not to be a public use which would justify exercise of eminent domain power.

Implicit in this Courts' approach in *Gallup* was the power of the judiciary to determine issues of public use. Later decisions uniformly reaffirm that the question of public use, in the context of a legislative authorization of eminent domain power, is ultimately one for judicial determination. *State ex rel. Red River Valley Co. v. District Court of Fourth Judicial District,* 39 N.M. 523, 51 P.2d 239 (1935); *Kaiser Steel Corp. v. W.S. Ranch Co.,* 81 N.M. 414, 467 P.2d 986 (1970).

Yates relies primarily on *Kaiser* for the assertion that its pipeline use is sufficient to establish a finding of public use under Section 70-3-5 and thus justifies condemning a right-of-way for its pipeline. Specifically, Yates seeks to rely on the following language from *Kaiser:*

> Although, in the last analysis, the question of "public interest" is a judicial one, the presumption is that a use is public if the legislature has declared it to be such, and the decision of the legislature must be treated with the consideration due to a coordinate branch of our government. In fact, it has been held that when the Legislature has spoken, the public interest (i.e., "public use") has been declared in terms well-nigh conclusive.

*Kaiser Steel Corp.* at 420, 467 P.2d at 992 (citations omitted). While this language clearly indicates that a legislative declaration of public use should be treated with great deference, it also acknowledges that the question of public use is ultimately one for the courts. As stated in 2A Nichols', The Law of Eminent Domain § 7.16[1] (3d Ed.1983):

> In reaching its conclusion upon the question whether a use is public, [a]

court is not bound by the designation of the use in the statute, nor is it restricted to a consideration of the question whether a use so described is public, but may look at the statute as a whole to discover the dominant purpose of the taking * * In short, the constitutional protection against the taking of property for private use cannot be evaded by any colorable declarations that the use is public however formally and officially made. (footnotes omitted.)

Yates thus cannot rely on *Kaiser* to elevate any legislative declaration of public use to the level of a conclusive presumption. The Kennedys are entitled to a hearing wherein the parties may present evidence bearing on the question of public use to be evaluated by the district court prior to the court's possible issuance of an order of immediate possession.

▮ The district court was incorrect in construing Section 70-3-5 as setting forth legislative declarations of public use as a matter of law. In eminent domain proceedings instituted under Section 70-3-5 by a private corporation, a real and substantial relation to the public use must be demonstrated to the court prior to an affirmative determination of eminent domain authority. *See Threlkeld v. Third Judicial District Court.* Since there has been no proper determination of public use to date in this case, dismissal with prejudice of the Kennedys' trespass action for failure to state a claim was incorrect.

▮ Section 42A-1-22 of the Eminent Domain Code mandates condemnation proceedings wherein the question of Yates' pipeline use as a possible public use must be considered. During these proceedings the district court must take and evaluate evidence in light of the tests and criterion for public use outlined in *Threlkeld, Gallup* and *Kaiser.* If the evidence supports a finding of public use, the exclusive remedy will be in inverse condemnation. *Kaiser Steel Corp.* 81 N.M. at 422, 467 P.2d at 994. If, on the other hand, the allegations of non-public acquisition prove to be true, a

suit in inverse condemnation will not lie, *Brosseau v. New Mexico State Highway Dept.*, 92 N.M. 328, 331, 587 P.2d 1339, 1342 (1978), and the Kennedys may move forward with their trespass action.

The district court is reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN and WALTERS, JJ., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent.

This case originally was before the trial court on a complaint for injunctive relief and for damages because of the alleged trespass of Yates Petroleum Corporation on property belonging to the Kennedys. After opening statements by counsel, and presentation of Kennedys' case, the trial court required that Yates Petroleum Corporation institute condemnation proceedings within thirty (30) days or a writ of preliminary injunction would issue. A petition for condemnation of land was subsequently filed by Yates Petroleum Corporation in a separate action, No. CV 83–51, in the district court of Eddy County. Yates Petroleum Corporation then filed a motion to dismiss in the present case, alleging that the Kennedys had failed to state a cause of action upon which relief may be granted because Yates is authorized to exercise the power of eminent domain to maintain the pipeline in question. After a hearing on the motion to dismiss, the trial court dismissed with prejudice the Kennedys' complaint, reasoning that Yates has the power of eminent domain under NMSA 1978, Section 70–3–5 (Cum.Supp.1983), and further finding that the statutory remedy of inverse condemnation was the Kennedys' exclusive remedy.

The Legislature has granted the power of eminent domain to entities such as Yates Petroleum Corporation for the purpose of constructing, maintaining, and operating pipelines. Section 70–3–5(A) provides in pertinent part:

> Any person, firm, association or corporation may exercise the right of eminent domain to take and acquire the necessary right-of-way for the construction, maintenance and operation of pipelines * * * and other necessary facilities for the purpose of conveyance of petroleum, natural gas, carbon dioxide gas and the products derived therefrom * * * Such land and right-of-way shall be acquired in the manner provided by the Eminent Domain Code [42A–1–1 to 42A–1–33 NMSA 1978].

This section is a clear expression of the Legislature's intent. The trial court was correct in finding that Yates Petroleum Corporation has the power of eminent domain, under the provisions of Section 70–3–5, and that the statutory remedy of inverse condemnation is the exclusive remedy of the Kennedys.

Furthermore, contrary to the majority's understanding of *Kaiser Steel Corp. v. W.S. Ranch Co.*, 81 N.M. 414, 420, 467 P.2d 986, 992 (1970), that case stated:

> Although, in the last analysis, the question of "public interest" is a judicial one, the presumption is that a use is public if the legislature has declared it to be such, and the decision of the legislature must be treated with the consideration due to a coordinate branch of our government. (citation omitted.) In fact, it has been held that when the legislature has spoken, the public interest (i.e., "public use") has been declared in TERMS WELL-NIGH CONCLUSIVE. (citation omitted.) Since our legislature has, in effect, declared the use in question to be public, we are constrained to accept their judgment in the absence of obvious unconstitutionality. (emphasis added.)

Similarly, in the case before us, the Legislature has spoken on the question of the public use in distribution of petroleum and natural gas products through its enactment of Section 70–3–5. Due consideration should be given to the Legislature's declaration.

The majority opinion also states that "[t]here is insufficient evidence in the condemnation action at this point which would support a finding that the use to which the pipeline is being put is indeed a public use." If the majority is referring to the record in this case, they are incorrect, because this appeal is not from a condemnation action but from a dismissal of a complaint for injunctive relief based on a trespass action. If the majority is referring to the record in the condemnation action, they are also incorrect, because the only proceeding that has occurred in that action was a hearing on a request for an order allowing immediate entry pursuant to NMSA 1978, Section 42A–1–22 (Repl.Pamp.1981) which Yates Petroleum Company had the right to obtain. No transcribed record of that hearing is before this Court in this case.

The majority opinion continues to confuse the two lawsuits involved in this matter. The condemnation action is neither before this Court nor has it ever been. This appeal is from the trespass action. The majority is trying to solve the trespass action with a condemnation answer. Furthermore, the majority also refuses to acknowledge the authority of the Legislature which has determined that a public use exists for the purpose of constructing, maintaining, and operating pipelines. § 70–3–5.

Based on the foregoing reasons, the trial court was correct in dismissing the Kennedys' complaint. The statutory remedy of inverse condemnation is their exclusive remedy.