1999-NMCA-124

990 P.2d 1286

**CITY OF SUNLAND PARK, and Jack Pickel, Petitioners–Appellees,**

v.

**PASEO DEL NORTE LIMITED PARTNERSHIP, a New Mexico Limited Partnership, and the New Mexico State Highway and Transportation Department and Pete Rahn, Secretary, Defendants–Appellants,**

and

**Property Tax Division of the Taxation and Revenue Department, and All Unknown Owners or Claimants of the Properties Involved.**

No. 19516.

Court of Appeals of New Mexico.

Sept. 3, 1999.

Frank R. Coppler, Nancy E. Nickerson, Coppler & Mannick, P.C., Santa Fe, for Appellee City of Sunland Park.

Douglas Driggers, Las Cruces, for Appellee Jack Pickel.

Donald M. Salazar, Serina M. Garst, Rubin, Katz, Salazar, Alley & Rouse, a Professional Corporation, Santa Fe, for Appellant Paseo del Norte Limited Partnership.

Patricia A. Madrid, Attorney General, Arthur J. Waskey, General Counsel, William T. Moyers, Special Assistant Attorney General, Assistant General Counsel, Santa Fe, for Appellant New Mexico State Highway and Transportation Department and Pete Rahn.

Thomas R. Figart, Assistant County Attorney, Doña Ana County, Las Cruces, Amicus Curiae for Doña Ana County.

Daniel A. Bryant, Ruidoso, Amicus Curiae for New Mexico Association of Counties.

Randall Van Vleck, Santa Fe, Amicus Curiae for New Mexico Municipal League.

## OPINION

HARTZ, Judge.

{1}   This is an appeal from an order in a condemnation case granting immediate pos-

session of land to Petitioners Jack Pickel and the City of Sunland Park (the City). Pickel is the general manager and part-owner of P.O.S.T. Land Limited Company (POST), a limited liability company. The appellants are Defendants Paseo del Norte Limited Partnership (PDN), the New Mexico State Highway and Transportation Department (the Highway Department), and its Secretary, Pete Rahn. Petitioners have moved to dismiss the appeal, arguing that there is no appealable final order in a condemnation case until the district court awards damages. In this case the district court had not resolved the issue of damages when it issued its order granting the right to immediate possession. We agree with Petitioners and dismiss the appeal for lack of appellate jurisdiction. We need not decide whether the appeal resulted in an automatic stay of the district court's order granting the right to possession. *See* NMSA 1978, § 39–3–23 (1966) (automatic stay granted when state appeals); Rule 1–062(E) NMRA 1999 (same).

*BACKGROUND*

{2}  The dispute before us arises out of the efforts of the City to annex two parcels of land owned by POST and to provide city water services to the parcels. The parcels are near the Santa Teresa international port of entry, about five miles from the present city boundary. The City's plan is to provide the water from a city-owned well located near a former railroad right of way between the present city boundaries and the parcels. The purpose of the condemnation action is to acquire a utility easement one and one-half miles long by twenty feet wide along the former railroad right of way for a pipeline from the well to State Highway 136. The City has already laid a pipeline along State Highway 136 from the parcels to the point where the highway intersects the proposed easement. (This pipeline is the subject of another appeal.) Both PDN and the Highway Department claim ownership rights in the former railroad right of way.

{3}  On January 30, 1998, the City and Pickel filed their petition for Condemnation and Request for Order of Immediate Posses-

sion. Petitioners claimed a right under NMSA 1978, § 72–1–5 (1981), to acquire by eminent domain a right of way for the construction, operation, and maintenance of water pipelines. The City also claimed a right of eminent domain under NMSA 1978, §§ 3–27–1 (1965) and –2 (1994) (relating to municipal water facilities). The action was brought in accordance with the provisions of the Eminent Domain Code, NMSA 1978, §§ 42A–1–1 to –33 (1981). On May 20, 1998, the district court entered an order under Section 42A–1–22, granting Petitioners immediate possession of the property described in the petition on condition that they deposit $11,350 with the clerk of the court. The district court denied a request from PDN and the Highway Department that the order contain language permitting them to pursue an interlocutory appeal. *See* NMSA 1978, § 39–3–4 (1971) (governing interlocutory appeals); Rule 12–203 NMRA 1999 (same). PDN filed a notice of appeal on May 29, 1998; the Highway Department and Rahn filed their notice of appeal on June 8. On June 17 the City filed with this Court a motion to dismiss the appeals because the district court had not entered a final order. The City also sought dissolution of the automatic stay. After the parties filed pleadings relating to the motion, we entered an order on July 30, 1998, holding the motion in abeyance pending submission of the appeal to a panel of this Court after full briefing on the merits.

{4}  In their briefs on the merits the Highway Department and Rahn contend that the City and Pickel lacked authority to condemn land belonging to the State because no statute specifically grants such authority. PDN raises a number of additional arguments: (1) that it was denied its right to a jury trial, *see Santa Fe S. Ry. v. Baucis Ltd. Liab. Co.*, 1998–NMCA–002, 124 N.M. 430, 952 P.2d 31; (2) that Petitioners had not established that the condemnation was for a public use; (3) that the City had no authority to condemn land to serve water to a non-inhabitant; (4) that Petitioners did not satisfy the requirements of Section 72–1–5; (5) that Petitioners had not established a need

for immediate possession; and (6) that Petitioners had not engaged in good faith negotiations to acquire the property, as required by Section 42A–1–4. Defendants were supported by amicus briefs filed by Doña Ana County and the New Mexico Association of Counties. The City was supported by an amicus brief filed by the New Mexico Municipal League, Inc. Our jurisdiction does not depend, however, on the number of briefs filed, the number of issues raised, or even the merits of the appeal. As we now explain, the district court order was not a final order. Therefore, Defendants had no right to appeal, and this Court does not have jurisdiction.

*DISCUSSION*

{5} The right to appeal from district court orders in special statutory proceedings is set forth in NMSA 1978, § 39–3–7 (1966):

> Within thirty days from the entry of any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action or any final order after entry of judgment which affects substantial rights, in any special statutory proceeding in the district court, any party aggrieved may appeal therefrom to the supreme court or to the court of appeals, as appellate jurisdiction may be vested by law in these courts.

This language is identical to that in NMSA 1978, § 39–3–2 (1966), except for the substitution of the words "special statutory proceeding" for "civil action." Therefore, New Mexico case law regarding appeals in civil actions is on point.

{6} The district court order granting Petitioners immediate possession did not come "after entry of judgment." Nor did the order "practically dispose[ ] of the merits of the action," because further proceedings (to award damages) are still necessary to resolve the dispute between the parties. *See Floyd v. Towndrow,* 48 N.M. 444, 446–48, 152 P.2d 391, 392–93 (1944) (affirmative defenses not resolved). The authority for the appeal thus depends upon whether the order was a "final judgment or decision."

{7} PDN contends that the issue has already been resolved in New Mexico. It asserts that the New Mexico Supreme Court has previously considered appeals from orders granting immediate possession. It cites to *Kennedy v. Yates Petroleum Corp.,* 101 N.M. 268, 681 P.2d 53 (1984), and *City of Raton v. Raton Ice Co.,* 26 N.M. 300, 191 P. 516 (1920). We do not agree that these decisions are authority for PDN's position. *Kennedy* was an appeal from dismissal of a trespass action; a related condemnation action was not on appeal. *See Kennedy,* 101 N.M. at 269–70, 681 P.2d at 54–55. As for *City of Raton,* the opinion did not discuss appellate jurisdiction. There may have been grounds for jurisdiction that are not apparent from the opinion, or the parties and the Court may simply have failed to appreciate the possibility of a jurisdictional problem. As we have said in the past, it would be a mistake to use an opinion as authority for a proposition not addressed in the opinion. *See Deerman v. Board of County Comm'rs,* 116 N.M. 501, 506–07, 864 P.2d 317, 322–23 (Ct.App.1993).

{8} In the absence of precedent directly on point, we look to finality doctrine in a broader context. "Generally speaking, '[f]or purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.'" *Sunwest Bank v. Nelson,* 1998–NMSC–012, ¶ 6, 125 N.M. 170, 958 P.2d 740 (quoting *B.L. Goldberg & Assocs., v. Uptown, Inc.,* 103 N.M. 277, 278, 705 P.2d 683, 684 (1985)). When appeals are permitted before the complete disposition of the issues before the trial court, the delay and inefficiency can be considerable. *See Catlin v. United States,* 324 U.S. 229, 233–34, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *Baca v. Atchison, Topeka, & Santa Fe Ry.,* 1996–NMCA–054, ¶ 8, 121 N.M. 734, 918 P.2d 13. After a time-consuming appeal the parties may find themselves back where they started in the trial court, facing litigation of issues that could have been litigated more expeditiously before the appeal was taken. Or the parties and the appellate court may devote considerable effort to an issue that would

have been mooted or of no practical importance if all issues before the trial court had been resolved prior to the appeal. *See* 15A Charles Alan Wright, et al., *Federal Practice & Procedure*, § 3913, at 462 (2d ed. 1992) ("Although well-established rules of appealability might at times cause an action to be determined unjustly, slowly, and expensively, they have nonetheless the great virtue of forestalling the delay, harassment, expense, and duplication that could result from multiple or ill-timed appeals."). Thus, New Mexico appellate courts "disfavor[ ] piecemeal appeals." *Sunwest Bank*, 1998–NMSC–012, ¶ 5, 125 N.M. 170, 958 P.2d 740. Indeed, even when an interlocutory appeal is authorized under Section 39–3–4, this Court is very cautious in exercising its discretion to hear the appeal.

{9} Following the general rule, "New Mexico decisions have recognized that a judgment or order which reserves the issue of assessment of damages for future determination is not a final order for purposes of appeal." *Cole v. McNeill*, 102 N.M. 146, 147, 692 P.2d 532, 533 (Ct.App.1984). If we adhere to this proposition, the district court order was not a final order, because it reserved the issue of damages to be awarded for the condemnation.

■ {10} The question thus becomes whether there is something special about an order granting possession that requires departure from the general rule. Of course, condemnation is not the typical case in which damages are awarded. In a contract or tort action the award of damages is usually the only relief sought by the plaintiff. The defendant's rights are not infringed until entry of a judgment for damages. In the present case, however, Defendants' property interests are infringed by the order granting possession. Defendants emphasize that the order produces immediate consequences for their interests. Arguing that "the taking may be irreversible even if the appeal is successful," they point out that New Mexico decisions on the issue of appealability have repeatedly advised that "the term 'finality' is to be given a practical, rather than a technical, construction." *Kelly Inn No. 102, Inc. v.*

*Kapnison,* 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).

{11} We are not persuaded. Petitioners seek to condemn an easement solely to lay a water pipeline under an undeveloped stretch of property. We acknowledge the possibility that Defendants will suffer injury from the presence of the pipeline during the course of judicial proceedings that may ultimately lead to a decision favorable to Defendants. Nevertheless, we see no reason why Defendants' property rights could not be restored if the condemnation is determined to be unlawful on appeal from a final order (after an award of damages for the value of the property taken by Petitioners). And Defendants could obtain relief for any harm suffered in the interim.

■ {12} Although we hold that the order granting immediate possession is not a final order, we should point out that the rights of persons like Defendants are not without protection. A petitioner in a condemnation case is not entitled to take possession of the condemned property prior to entry of a final judgment unless the district court determines both that the condemnation is proper and that immediate possession is necessary. *See* § 42A–1–22. Moreover, appellate review is possible prior to entry of a final judgment if the district court certifies the matter for interlocutory appeal, *see* § 39–3–4, or if the Supreme Court sees fit to issue an extraordinary writ, *see* N.M. Const. art. VI, § 3. It should not be forgotten that just as immediate possession may injure the defendant in a condemnation proceeding, delay in possession may injure the public interest supporting the condemnation. The situation is not unlike that confronting a district court when asked to order injunctive relief. When such relief is granted, the enjoined party will likely suffer injury; yet the injunction is not appealable if other matters remain to be decided. *See Texas Pac. Oil Co. v. A.D. Jones Estate, Inc.,* 78 N.M. 348, 431 P.2d 490 (1967) (defendant owned surface right to land on which plaintiff desired to drill wells; defendant had no right to appeal injunction

barring it from interfering with the drilling because damages had not yet been awarded). The doctrine limiting the right to appeal to final orders is founded on the assumption that trial courts generally get it right and interlocutory appeals are likely to create more injustice than justice. If the Legislature determines that this assumption is inaccurate when it comes to orders granting immediate possession in condemnation cases, the statutes granting appellate jurisdiction can be revised accordingly. Until the Legislature so acts, however, we follow general doctrine and find no final order here.

{13} When we look to other jurisdictions, the great weight of authority supports our view. Although we do not always follow federal precedent regarding what orders are final, we recognize a "general presumption in favor of following federal authority regarding appealability." *Baca*, 1996–NMCA–054, ¶ 4 (internal quotation marks and citation omitted). A decision by the United States Supreme Court deserves special deference. In *Catlin*, 324 U.S. at 233, 65 S.Ct. 631. that Court wrote:

[O]rdinarily in condemnation proceedings appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including ownership and just compensation, as well as the right to take the property.

The Court specifically rejected the view that an order granting possession of the property to the United States would have "a 'final and immediate effect on property rights' which 'obviously should be reviewable at once, without the necessity of awaiting the outcome of long drawn out controversies as to valuation.'" 324 U.S. at 236, 65 S.Ct. 631. (quoting *Puerto Rico Ry. Light & Power Co. v. United States*, 131 F.2d 491, 494 (1st Cir. 1942)); *see* 15A Wright, *supra*, § 3910, at 311–13. The contentions of Defendants echo the view expressed by the First Circuit in *Puerto Rico Railway*, and the rejection of that view by the Supreme Court is strong authority against those contentions.

{14} Post-*Catlin* decisions of the federal appellate courts do not help Defendants. In *Loughran v. United States*, 317 F.2d 896, 897 (D.C.Cir.1963), the taking was for the purpose of deeding the property to the International Monetary Fund (IMF). The order being appealed required the owners to surrender possession of the property to the United States, which would then immediately transfer title and possession to the IMF. *See id.* at 898. The Bretton Woods Agreement granted both the IMF and its property immunity from judicial process. Thus, once the transfer to the IMF took place, the owners could never recover their title. The court held that this circumstance distinguished the case from *Catlin*, which had relied on the fact that the title conveyed in the condemnation proceeding was defeasible. *See id.* at 898–99. In contrast to *Loughran*, Defendants here could recover their full title if they eventually prevail on the merits.

{15} In *Washington Metropolitan Area Transit Authority v. One Parcel of Land*, 514 F.2d 1350, 1351–52 (D.C.Cir.1975) (per curiam), the transit authority sought to condemn a property interest that was limited in time. Before deciding whether to route a subway through a particular property, it needed to make test borings to determine the suitability of the location. It therefore brought an action to acquire the right to drill borings during a thirty-day period. The appeals court, in rather summary fashion, *id.* at 1351–52, held that delaying review until an award of damages would in effect deprive the property owner of the opportunity to challenge the taking. Because the condemnation was for only a brief period, delaying appellate review would "defeat[ ] any remedy the [owner] may have." *Id.* at 1352. We need not approve the holding in that case to recognize the situation is quite different from that presented on this appeal; the rationale of the opinion would not apply here, because the proposed taking here is permanent.

{16} In *United States v. Certain Land*, 332 F.2d 679, 680 (2d Cir.1964), the appellate court relied on the collateral-order doctrine as authority to hear the appeal. The question on appeal concerned the rights

of tenants of the condemned building and did not require consideration of the merits of the condemnation itself. Under the collateral-order doctrine, which has been recognized in New Mexico, *see Carrillo v. Rostro*, 114 N.M. 607, 612–14, 845 P.2d 130, 135–37 (1992), a court may review " 'a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.' " *Id.* at 613, 845 P.2d at 136 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). The collateral-order doctrine has no application in this case, because Defendants' appeal goes to the heart of the district court claim. PDN contends that the collateral-order doctrine applies to the State's claim of immunity from condemnation proceedings because the doctrine applies to all official claims of immunity. This contention is incorrect. The doctrine permits immediate appeals only for claims of qualified immunity by public officials sued for damages in their individual capacities. *See Doe v. Leach*, 1999–NMCA–117, ¶¶ 9–12, 128 N.M. 28, 988 P.2d 1252. There is no such claim here.

{17} The best federal case for Defendants' argument is *United States v. 58.16 Acres of Land*, 478 F.2d 1055 (7th Cir.1973). The Seventh Circuit permitted appeal of an order of possession when the district court had apparently ruled that it had no authority to determine whether the taking was rightful. The opinion, however, suggests that the court was not exercising its appellate jurisdiction but rather was treating the notice of appeal as an application for a writ of mandamus, *see id.* at 1061; and the opinion has been viewed that way by other authorities. *See Wilk v. American Med. Ass'n*, 635 F.2d 1295, 1298 (7th Cir.1980); 15A Wright, *supra*, § 3913, at 482 n. 43. So viewed, the opinion cannot support our jurisdiction in this case. This Court has no authority to treat a notice of appeal as a petition for a writ of mandamus, because we have no mandamus jurisdiction. *See Lepiscopo v. Hopwood*, 110 N.M. 30, 32, 791 P.2d 481, 483 (Ct.App.1990). If a case such as *58.16 Acres*

arose in the New Mexico district court, the property owner's relief would have to be through an extraordinary writ from our Supreme Court.

{18} Turning to decisions in other states, the cases cited by Defendants are unpersuasive. Both *In re Appropriation of Easements for Highway Purposes*, 113 Ohio App. 499, 179 N.E.2d 373 (1960) and *City of Portland v. Anderson*, 248 Or. 201, 432 P.2d 1020 (1967), actually dismissed the appeals, although they contained dicta stating that an order granting possession could be appealable in certain circumstances. But no reported decisions in those jurisdictions have applied the dicta to permit appellate review of an order granting possession, and the Ohio Supreme Court has explicitly rejected the proposition that appears in the dictum of *In re Appropriation of Easements*. *See Klein v. Bendix–Westinghouse Automotive Air Brake, Co.*, 13 Ohio St.2d 85, 234 N.E.2d 587, 590 (1968) (interlocutory order does not become final just because it amounts to an abuse of discretion). The only authority cited by Defendants that clearly seems to support jurisdiction in this case comes from West Virginia. *See Handley v. Cook*, 162 W.Va. 629, 252 S.E.2d 147 (1979); *City of Bluefield v. Bailey*, 62 W.Va. 304, 57 S.E. 805 (1907).

{19} Contrary to West Virginia, other states have held that orders granting possession in condemnation suits are not final, appealable orders. *See, e.g., Cordova v. City of Tucson*, 15 Ariz.App. 469, 489 P.2d 727, 728 (1971) (collecting cases); *Hyatt v. City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326, 327 (1982); *Cook v. Georgia Power Co.*, 204 Ga.App. 119, 418 S.E.2d 451 (1992); *South Dakota Dep't of Transp., v. Freeman*, 378 N.W.2d 241 (S.D.1985); *Arp v. State Highway Comm'n*, 567 P.2d 736, 738–39 & n. 2 (Wyo.1977) (collecting cases); *see also* 6A Julius L. Sackman, *Nichols on Eminent Domain*, § 26E.03[3][a], at 26E–75 n. 54 (3d ed. rev.1997); 7A Patrick J. Rohan & Melvin A. Reskin, *Nichols on Eminent Domain*, § 9.02[5], at 9–12 (3d ed. rev.1997). Suffice it to say that we find nothing in the West

Virginia opinions to convince us that jurisdiction would be appropriate under New Mexico's finality doctrine.

{20} In short, we are not persuaded to recognize as final an order granting possession in a condemnation case, and the specific facts of this case are not sufficiently compelling to carve out an exception here. *Cf. Loughran*, 317 F.2d at 898–99. Therefore, we hold that we lack jurisdiction to hear this appeal because the appeal is not from a final order. We dismiss the appeal.

{21} **IT IS SO ORDERED**.

WECHSLER and BUSTAMANTE, JJ., concur.