2007-NMCA-123

167 P.3d 945

**Fremont F. ELLIS, Plaintiff–Appellee,**

v.

**CIGNA PROPERTY & CASUALTY COMPANIES, Defendant– Appellant.**

**No. 23,491.**

Court of Appeals of New Mexico.

June 27, 2007.

Certiorari Denied, No. 30,606, Sept. 11, 2007.

VanAmberg, Rogers, Yepa & Abeita, LLP, Ronald J. VanAmberg, Santa Fe, NM, for Appellee.

Butt, Thornton & Baehr, PC, Paul T. Yarbrough, Albuquerque, NM, for Appellant.

## OPINION

BUSTAMANTE, Judge.

{1} This is an insurance case in which the parties dispute, among other things, the scope of uninsured motorist (UM) coverage. Defendant issued an automobile insurance policy to the personal representative of an estate to cover vehicles that were estate assets. The overarching question throughout the litigation has been whether Plaintiff, who is the personal representative's son, was entitled to UM benefits under the terms of the policy. Over time, Defendant raised several theories in response to that question. Final-

ly, at the close of an evidentiary hearing and following the district court's rulings on cross-motions for summary judgment, Defendant asserted a new theory that Plaintiff's father could not, in his fiduciary capacity as the personal representative of the estate, have a household or family member that would be entitled to UM coverage under the policy. The district court requested briefing on Defendant's new theory, but later ruled in a partial judgment that the theory was untimely raised. In the same partial judgment, the district court held that, under the particular circumstances of this case, Plaintiff should be viewed as a "named insured," but also certified the case for interlocutory appeal because the case involved "a controlling question of law as to which there is substantial ground for difference of opinion." The district court did not specify the controlling question of law to which it referred, and Defendant filed an application for interlocutory appeal premised on the same theory that the district court ruled as untimely raised. We granted Defendant's application for interlocutory appeal. However, after a thorough review of the record below, we conclude that our grant of interlocutory review was inappropriate. We therefore dismiss the appeal and remand for further proceedings.

## BACKGROUND

{2} On April 12, 1987, Plaintiff Fremont F. Ellis II (Plaintiff) was injured in a shooting related to a motor vehicle incident. Plaintiff had been a passenger in a car that was fired upon by the occupants of a pickup truck. The occupants of the truck shot Plaintiff in his leg after he got out of the car to get the license plate number of the truck. Plaintiff sued the driver and passenger of the truck and obtained a judgment against them. However, the driver and passenger were uninsured and apparently judgment-proof. Plaintiff then made an unsuccessful demand against the insurance company providing UM coverage for the vehicle in which he had been a passenger when the shooting took place.

{3} At the time of the shooting, a probate administration of the estate of Plaintiff's grandfather, Fremont Ellis (Fremont I), had been underway for more than two years. Plaintiff's father, Frederick Ellis, was admin-istering the estate, initially as guardian and later as personal representative after the death of Fremont I on January 12, 1985. Among the estate assets were two Studebaker vehicles. Frederick Ellis had procured an automobile policy on the Studebakers that extended liability, property damage, and UM coverage. The policy was first issued by Defendant on November 2, 1984, to the named insured Frederick Ellis as guardian for Fremont I, and was subsequently renewed in six-month intervals throughout the administration of the estate. Frederick Ellis paid all of the policy premiums using estate funds.

{4} On April 11, 1994, after making claims for UM benefits against other insurance carriers, Plaintiff initiated litigation against Defendant to invoke the arbitration provisions of the policy. In lieu of filing an answer on the merits, Defendant filed a motion to dismiss in which Defendant alleged that the complaint was barred by the statute of limitations. The district court granted the motion and dismissed the case. Plaintiff appealed from that order, which was ultimately reversed by our Supreme Court. *See Ellis v. Cigna Prop. & Cas. Cos.*, 1999–NMSC–034, 128 N.M. 54, 989 P.2d 429. Following remand, Defendant filed an answer on the merits, asserting, *inter alia,* that Plaintiff was neither a named insured nor an otherwise covered person for UM benefits under the policy.

{5} The parties filed cross-motions for summary judgment. Defendant, in its motion, asserted that: (1) Plaintiff filed his complaint after the statute of limitations had expired, and (2) the shooting incident that caused Plaintiff's injuries was not an "accident" that could trigger UM coverage under the policy. Later, in a reply in support of its motion for summary judgment, Defendant asserted that Plaintiff was not a member of Frederick Ellis's household and therefore was not within the definition of an "insured" under the policy. Defendant reiterated this argument in its response in opposition to Plaintiff's motion for summary judgment. More specifically, Defendant argued that Plaintiff did not reside at his father's address. Plaintiff replied by pointing out that:

(1) Defendant had not raised the "household member" argument previously, (2) Plaintiff did, in fact, reside at his father's address, (3) the "household member" issue was Defendant's only challenge to Plaintiff's status as an insured, and (4) the shooting incident was an event that could trigger UM coverage.

{6} The district court entered an order on the motions for summary judgment on October 12, 2001. The court denied Defendant's motion and ruled that: (1) Plaintiff's claim was not barred by the statute of limitations, (2) the shooting incident was a covered event under the policy, and (3) the court still needed to determine who was the insured under the policy. More specifically, the district court stated that it required "an evidentiary hearing as to whether Frederick F. Ellis is the insured under the Cigna policy … or whether the insured is some other person or entity other than Frederick F. Ellis."

{7} The district court held an evidentiary hearing on May 1, 2002. The court heard evidence regarding whether Plaintiff was a member of Frederick Ellis's household and concluded that he was. Additionally, Defendant presented the argument that, because Frederick Ellis had procured the policy in his fiduciary capacity as guardian of the estate, the policy only extended to situations involving his legal responsibility to maintain or use the covered vehicles or while acting for the estate. At the conclusion of the hearing, the district court asked for further briefing on the issue of whether Frederick Ellis's fiduciary role had any impact on coverage.

{8} Plaintiff filed a post-hearing memorandum in which he objected to the "insured-as-fiduciary" issue as untimely raised by Defendant. Plaintiff pointed out that Defendant's response to Plaintiff's motion for summary judgment raised only two issues: (1) whether the shooting was an automobile-related accident, and (2) whether Plaintiff was a member of Frederick Ellis's household. Because the pleadings did not contain any argument related to whether Frederick Ellis, as a fiduciary for the estate, could not have a household under the policy, Plaintiff asserted that Defendant should be prohibited from raising that argument at such a late phase in the litigation. Plaintiff further argued that nothing in the policy limited household member coverage for Frederick Ellis as a guardian or personal representative. Defendant then filed its post-hearing memorandum in which it did not address the timeliness issue, but instead addressed the merits of the question of whether Frederick Ellis's role as fiduciary for the estate had an impact on UM coverage under the policy.

{9} The district court entered a partial judgment on September 20, 2002. The court recited in the partial judgment that it had previously determined that Plaintiff was a member of the household of Frederick Ellis and that Frederick Ellis was the named insured on the policy. The court then concluded that: (1) Defendant did not properly raise the issue regarding coverage for Frederick Ellis's household members and "allowing it to be raised at this point is contrary to the general principal [sic] that an insurance company should not be permitted to raise new arguments for denial at this stage of litigation[,]" and (2) "under the unique circumstances of this case, the Plaintiff … should be viewed as a named insured and within the scope of risk." The court therefore ordered Defendant to proceed with arbitration of Plaintiff's UM claims as a "named insured" under the policy. However, the district court also issued a stay of proceedings pending Defendant's application for interlocutory appeal to this Court because the partial judgment "involves a controlling question of law as to which there is substantial ground for difference of opinion." The district court did not specify the controlling question of law to which it referred, nor does the record reveal whether the district court issued the stay of proceedings *sua sponte* or in response to a request from Defendant.

{10} Defendant timely filed its application for interlocutory appeal with this Court. In its application, Defendant stated that the controlling questions of law were: (1) "Does an Estate insured under an automobile policy have a 'family' or 'members of a household' for purposes of uninsured motorist benefits?" and (2) "Is a relative of an individual fiduciary who is a named insured under an automobile policy and who is not operating or occupying an insured vehicle or engaged in any

activity on behalf of the fiduciary at the time he is injured by an uninsured motorist, entitled to UM benefits under the estate's automobile policy?" Plaintiff filed a response in which he reasserted his argument, *inter alia,* that Defendant failed to properly raise the above issues.

{11} We granted the application for interlocutory appeal on November 5, 2002. However, the proceedings before this Court were postponed for several years pending the parties' attempt to negotiate a settlement through appellate mediation. The parties having failed to reach an agreement, the case was finally submitted to a panel of this Court on April 2, 2007. After a thorough review of the record, we conclude that, under the circumstances of this case, none of the issues Defendant advances on appeal are appropriate for interlocutory review.

## DISCUSSION

{12} This Court has jurisdiction to hear appeals over certain interlocutory orders in the district court. NMSA 1978, § 39–3–4 (1999). Section 39–3–4 provides, in relevant part:

A. In any civil action ... in the district court, when the district judge makes an interlocutory order ... which does not practically dispose of the merits of the action and he believes the order ... involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order or decision may materially advance the ultimate termination of the litigation, he shall so state in writing in the order or decision.

B. The supreme court or court of appeals has jurisdiction over an appeal from such an interlocutory order or decision, as appellate jurisdiction may be vested in those courts.

Although "this Court is very cautious in exercising its discretion to hear [an interlocutory] appeal[,]" *City of Sunland Park v. Paseo Del Norte Ltd. Partnership,* 1999–NMCA–124, ¶ 8, 128 N.M. 163, 990 P.2d 1286, it appears from the record before us that we did not exercise the appropriate level of caution in granting Defendant's application in the present case. We should not have granted De-

fendant's application for interlocutory appeal because the controlling questions of law advanced by Defendant in the application relate to an issue that was stricken by the district court in its partial judgment. The partial judgment clearly states that

the issue raised by Cigna that there is no coverage for household members of Frederick F. Ellis was not properly raised in response to the motion for summary judgment and allowing it to be raised at this point is contrary to the general principal [sic] that an insurance company should not be permitted to raise new arguments for denial at this stage of litigation.

The questions set forth by Defendant in its application for interlocutory appeal relate to precisely that issue, i.e., whether an estate can "have a 'family' or 'members of a household' for purposes of uninsured motorist benefits," and whether "a relative of an individual fiduciary ... [is] entitled to UM benefits under the estate's automobile policy[.]" The district court unambiguously barred these issues as untimely raised.

{13} Nevertheless, toward the end of the partial judgment, the district court certified for interlocutory appeal an unspecified "controlling question of law as to which there is substantial ground for difference of opinion." Defendant proceeded as if the controlling question of law were the same as the one that the district court held as untimely raised. Although we are mystified by the district court's ambiguous certification for interlocutory appeal, we do not read the partial judgment as barring, yet simultaneously certifying for interlocutory appeal, Defendant's argument that a personal representative of an estate cannot have household members under the policy. The district court's ruling on the timeliness issue is clear; the issue that was certified for interlocutory appeal is not.

{14} We conclude that the district court did not certify for interlocutory appeal the issues advanced by Defendant in its application for interlocutory appeal. To the extent that the district court intended to certify the issue of whether it correctly ruled that Defendant untimely raised its "insured-as-fiduciary" argument, we hold that such a ruling is more appropriately reviewed on appeal

following the entry of a final judgment because it does not involve "a controlling question of law as to which there is substantial ground for difference of opinion." Section 39–3–4(A). Therefore, if Defendant wishes to appeal the district court's ruling that the argument was untimely raised, Defendant may do so after a final disposition is reached in the case. *See* NMSA 1978, § 39–3–2 (1966) (expressing general rule that appeals are to be made from final judgments or orders); *see also Thornton v. Gamble,* 101 N.M. 764, 767, 688 P.2d 1268, 1271 (Ct.App. 1984) (discussing "policy [of] avoiding piecemeal appellate review of interlocutory decisions").

{15} Moreover, even if the district court intended to simultaneously bar and certify for interlocutory appeal Defendant's "insured-as-fiduciary" issue, we decline to review that issue under such an odd procedural posture; the argument is either barred, or it is not. The clear language of the partial judgment compels the conclusion that the district court barred the argument. Furthermore, we can find nothing in the record, apart from the partial judgment itself, that provides further insight into the district court's decision to certify an issue for interlocutory appeal. Therefore, finding no grounds that would support granting interlocutory review of the partial judgment, we exercise our discretion to dismiss Defendant's interlocutory appeal.

## CONCLUSION

{16} We dismiss Defendant's interlocutory appeal and remand for further proceedings. In doing so, we acknowledge that we improvidently granted Defendant's application for interlocutory appeal. This case serves as a prime example of why this Court should use extreme caution in exercising its discretion to hear an interlocutory appeal. *City of Sunland Park,* 1999–NMCA–124, ¶ 8, 128 N.M. 163, 990 P.2d 1286.

{17} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and CYNTHIA A. FRY, Judge.