Certiorari Denied, No. 31,412, January 12, 2009

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2009-NMCA-016

Filing Date:  October 20, 2008

Docket No.  28,005

PEÑA BLANCA PARTNERSHIP,

    Appellant-Appellee,

v.

SAN JOSE DE HERNANDEZ COMMUNITY
DITCH a/k/a SAN ANTONIO DEL GUACHE,
GERALD WINSEMIUS, JOSEPH SALAZAR,
and ARTURO A. MARTINEZ,

    Appellees-Appellants,

consolidated with

RICHARD COOK,

    Appellant-Appellee,

v.

LA ACEQUIA DEL GAVILAN, JERRY
GONZALES, CRAIG BORNER, and TIM
VIERICK, Commissioners,

    Appellees-Appellants.


APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY
Daniel A. Sanchez, District Judge


Stein & Brockmann, P.A.
Jay F. Stein

1

Kimberly M. Bannerman
Santa Fe, NM

for Appellees

Holland & Hart, LLP
Kristina Martinez
Santa Fe, NM

New Mexico Legal Aid, Inc.
David Benavides
Ryan Golton
Santa Fe, NM

for Appellant San Jose de Hernandez Community Ditch

Humphrey & Odé, P.C.
Mary E. Humphrey
Connie Odé
El Prado, NM

for Appellant La Acequia del Gavilan

G. Emlen Hall
Peter Thomas White
Santa Fe, NM

for Amicus Curiae New Mexico Acequia Commission

**OPINION**

**KENNEDY, Judge.**

**{1}** This interlocutory appeal requires the Court to decide whether NMSA 1978, Section 73-2-21(E) (2003), regarding the standard of review in an appeal to the district court from a decision by the commissioners of an acequia, violates either article XVI, section 5 or the equal protection clause of article II, section 18 of the New Mexico Constitution. As we conclude that the statute violates neither constitutional provision, we reverse the district court's contrary decision and remand for further proceedings under the appropriate statutory standard of review.

**BACKGROUND**

**{2}** This case involves appeals to the district court from decisions by the commissioners

of two different acequias (Acequias) denying the requests of water rights owners (Owners) to change the use of their water right. In one of the cases, the commissioners of the San Jose de Hernandez Community Ditch denied Peña Blanca Partnership's application to transfer to a subdivision for residential use certain water rights that were once appurtenant to agricultural property served by the Acequia. In the other case, the commissioners of the Acequia del Gavilan denied Richard Cook's application to transfer water rights that were once appurtenant to ten acres of land served by the Acequia to a pond in order to offset evaporative losses from the pond.

**{3}** Under New Mexico law, the Acequia commissioners were authorized to reject each Owner's proposal to change the use of the Owner's water rights "only if the commissioners determine[d] that [the change] would be detrimental to the acequia . . . or its members." Section 73-2-21(E). In each case, the commissioners denied the request to change the use of the water rights because such a transfer would (1) lead to absentee owners, less participation in the necessary maintenance of the ditch, and increased burdens on the local Acequia members; (2) divert water from its traditional uses for irrigation to other uses; (3) leave less water for irrigation of crops, which would therefore affect the local culture; (4) impact subsurface water; and (5) result in less water for other members of the Acequia, among other reasons.

**{4}** Owners appealed the decisions of the Acequia commissioners to the district court pursuant to Section 73-2-21, which states that if the party proposing the change in use of the water rights

> is aggrieved by the decision of the commissioners, he may appeal the decision in the district court of the county in which the acequia or community ditch is located within thirty days of the date of the decision. The court may set aside, reverse or remand the decision if it determines that the commissioners acted fraudulently, arbitrarily or capriciously, or that they did not act in accordance with law.

Section 73-2-21(E).

**{5}** The district court consolidated the cases prior to reaching the merits of whether the commissioners in either case acted fraudulently, arbitrarily, capriciously, or not in accordance with law by finding that the proposed change would be detrimental to either acequia or its members. A hearing was held on the issue of whether the deferential standard of review set out in Section 73-2-21(E) conflicted with either article XVI, section 5 or the equal protection clause of article II, section 18 of the New Mexico Constitution. The district court concluded that the deferential standard of review was unconstitutional on its face and certified its order to this Court for interlocutory appeal. This Court granted Acequias' unopposed application for an interlocutory appeal.

**SCOPE OF THIS COURT'S REVIEW OF AN INTERLOCUTORY ORDER**

3

**{6}** The parties disagree about the issues to be decided in this appeal. Acequias contend that this Court should address only those issues directly addressed in the order that was certified for interlocutory appeal. Owners argue that this Court should address any issues that were raised, even if they are not expressly included in the interlocutory order. We agree with Acequias that the only issues this Court should consider are those that come within the scope of the interlocutory order.

**{7}** Because an interlocutory appeal is a limited exception to this Court's general rules prohibiting piecemeal appeals, this Court has generally construed the exception narrowly and refrained from deciding issues that did not form the basis of the order actually appealed from. *See, e.g.*, *Bell v. Estate of Bell*, 2008-NMCA-045, ¶ 9, 143 N.M. 716, 181 P.3d 708 (declining to address a claim that was not specifically certified for interlocutory appeal and that did not form the basis of the district court's order), *cert. granted*, 2008-NMCERT-004, 144 N.M. 48, 183 P.3d 933. Although this Court is not constrained by the particular questions a district court certifies for appeal, we do limit the scope of our review to the issues fairly contained in the order. *See Ellis v. Cigna Prop. & Cas. Cos.*, 2007-NMCA-123, ¶¶ 12-14, 142 N.M. 497, 167 P.3d 945 (dismissing an interlocutory appeal as improvidently granted when the issue argued by the appellant was not addressed on the merits by the district court's order), *cert. denied*, 2007-NMCERT-009, 142 N.M. 715, 169 P.3d 408; *see also Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 19, 142 N.M. 557, 168 P.3d 129 (stating that on appeal from an interlocutory order, an appellate court can decide issues other than those certified, and reviewing several legal determinations that were not stated in the questions certified but that were encompassed by the district court's interlocutory order), *cert. denied*, 2007-NMCERT-009, 142 N.M. 715, 169 P.3d 408; *cf. Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204-05 (1996) (stating that under the federal statute governing interlocutory appeals, a federal appellate court has jurisdiction over "any issue fairly included within the certified order" and that although the appellate court is not limited to the particular questions certified by the district court, it "may not reach beyond the certified order to address other orders made in the case").

**{8}** Here, the district court's order included two determinations: First, that Section 73-2-21(E) violates article XVI, section 5 of the New Mexico Constitution, which affords owners of water rights a constitutional right to a de novo hearing in the district court on appeal from a decision by an administrative body regarding a change in the use of water rights. And second, that the deferential Section 73-2-21(E) standard of review is unconstitutional on its face as violative of equal protection principles, since owners of water rights that are not subject to the authority of an acequia's commissioners are entitled to a de novo hearing in the district court after a decision by the State Engineer. *See* NMSA 1978, § 72-7-1(A), (E) (1971) (allowing an applicant to the State Engineer for a change in the use of water rights to appeal an adverse decision to the district court and providing for a de novo appeal "as cases originally docketed in the district court"). In accordance with a preference to have trial courts decide issues in the first instance, *see, e.g.*, *State v. Gutierrez*, 116 N.M. 431, 435 n.7, 863 P.2d 1052, 1056 n.7, we decline to address the additional arguments raised by Owners regarding substantive due process, procedural due process, vagueness, and their takings

4

claim. These arguments, if properly addressed below, can be raised in an appeal after a final decision in the district court.

## APPLICABILITY OF ARTICLE XVI, SECTION 5 OF THE NEW MEXICO CONSTITUTION

**{9}** Owners argue that article XVI, section 5 of the New Mexico Constitution affords them a constitutional right to a de novo hearing in the district court on appeal from the decision of the Acequia commissioners. That provision states that "[i]n any appeal to the district court from the decision, act or refusal to act of any state executive officer or body in matters relating to water rights, the proceeding upon appeal shall be de novo as cases originally docketed in the district court unless otherwise provided by law." N.M. Const. art. XVI, § 5. We review de novo the interpretation of this constitutional provision. *See State v. Isaac M.*, 2001-NMCA-088, ¶ 4, 131 N.M. 235, 34 P.3d 624.

**{10}** The parties marshal various principles of statutory construction to debate whether acequias are "bodies" within the meaning of this section. Acequias claim that a proper reading of article XVI, section 5 indicates that it only applies to "state executive bodies" and that it therefore does not apply to acequias, which are bodies corporate, given their existence and powers by statute, and hence are not part of the executive branch. *See* NMSA 1978, § 73-2-11 (1903) (stating that "[a]ll community ditches or acequias shall . . . be considered as corporations or bodies corporate, with power to sue or to be sued as such"). Owners claim that the section clearly refers to all "state bodies," a category that would include acequias.

**{11}** This Court need not resolve this dispute because even assuming that acequias come within the provisions of article XVI, section 5, a de novo proceeding is not mandated by that section so long as a different manner of district court review on appeal is "otherwise provided by law." N.M. Const. art. XVI, § 5. A different standard is "otherwise provided by law" if it is found in some other constitutional provision or in a statute. *See State ex rel. N.M. Judicial Standards Comm'n v. Espinosa*, 2003-NMSC-017, ¶ 28, 134 N.M. 59, 73 P.3d 197 (indicating that when a constitutional provision establishes a power to be exercised "'unless otherwise provided by law,' that law must come from the Constitution or legislation"). In this case, the legislature has provided for another procedure for the decisions of acequia commissioners by enacting Section 73-2-21(E). Therefore, even assuming that acequia commissioners come within the scope of article XVI, section 5, application of a standard of review as set out in Section 73-2-21(E) does not violate that constitutional provision.

## WHETHER EQUAL PROTECTION PRINCIPLES REQUIRE A DE NOVO HEARING IN THE DISTRICT COURT

**{12}** Owners argue that the standard of review set out in Section 73-2-21(E) violates equal protection principles since other determinations of water rights are afforded a de novo hearing in the district court. *See* § 72-7-1(E). "The constitutional right to equal protection

concerns whether the legislature may afford a legal right to some individuals while denying it to others who are similarly situated." *Cummings v. X-Ray Assocs. of N.M., P.C.*, 1996-NMSC-035, ¶ 22, 121 N.M. 821, 918 P.2d 1321. There are three levels of judicial review applied to legislation that is said to violate the equal protection clause of the New Mexico Constitution. Each depends on the nature of the rights or the class of persons affected. *See Wagner v. AGW Consultants*, 2005-NMSC-016, ¶ 12 & n.3, 137 N.M. 734, 114 P.3d 1050. These are rational basis review, intermediate scrutiny, and strict scrutiny. *Id.* On appeal, we review de novo the question of which level of scrutiny is to be applied. *See Breen v. Carlsbad Mun. Sch.*, 2005-NMSC-028, ¶ 15, 138 N.M. 331, 120 P.3d 413.

**{13}** Acequias contend that this Court should undertake a rational basis review of Section 73-2-21(E) rather than applying intermediate scrutiny. We agree that the acequia statutes at issue in this case are just the sort of general social and economic laws that are ordinarily afforded only rational basis review. *See City of Raton v. Vermejo Conservancy Dist.*, 101 N.M. 95, 100, 678 P.2d 1170, 1175 (1984) (finding a statute to be a "rational part" of a scheme exempting water rights in a conservancy district from the general rule that water rights are lost if they are not used). Rational basis review applies to general social and economic legislation, however, only if it "does not affect a fundamental or important constitutional right or a suspect or sensitive class." *Breen*, 2005-NMSC-028, ¶ 11. While Owners concede that they are not members of a protected class, they argue that intermediate scrutiny applies because the rights they assert are the important constitutional rights of access to the courts and the right to an appeal. We examine the nature of the interests Owners assert in order to determine the appropriate level of scrutiny. *See id.* ¶ 8.

**{14}** Owners rely on *Wagner* for their claim that the statute affects both their constitutional right of access to the courts and the constitutional right to appeal. We agree that Owners have a right of access to the courts derived from the due process clause of the New Mexico Constitution, *see Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 20, 125 N.M. 721, 965 P.2d 305, and that the right includes the right to appeal from an administrative body to the district court, *see Wagner*, 2005-NMSC-016, ¶ 14. We are less certain, however, that Owners have a constitutional right to appeal distinct from their due process right of access to the courts when the appeal is from the Acequia commissioners' decision to the district court.

**{15}** *Wagner* discussed a worker's contention that article VI, section 2 of the New Mexico Constitution as the source of the appellant's constitutional right to appeal to this Court from a workers' compensation administration decision. *See* 2005-NMSC-016, ¶¶ 13-14. In doing so, however, *Wagner* did not discuss whether article VI, section 2 in fact conferred such a right, and if so why. Although that section of our constitution provides parties with "an absolute right to one appeal," N.M. Const. art. VI, § 2, case law indicates that this provision applies only to an appeal to this Court or to the New Mexico Supreme Court from an exercise of the district court's original jurisdiction. *See VanderVossen v. City of Espanola*, 2001-NMCA-016, ¶ 11, 130 N.M. 287, 24 P.3d 319 ("It is from the district court's exercise of original jurisdiction . . . that an aggrieved party is guaranteed 'the absolute right to one

6

appeal' in the manner prescribed by law, whether to the Supreme Court or the Court of Appeals."); *see also City of Las Cruces v. Sanchez*, 2007-NMSC-042, ¶ 9, 142 N.M. 243, 164 P.3d 942 (stating that article VI, section 2 "only applies to cases originating in district court"). *Wagner*, in fact, looked at the availability of appeal as a matter of general right to access the court system, and in the context of the right to appeal, while evaluating how an appeal might be chilled by the imposition of a cap on attorney fees, but it did not distinguish the two. *Id.*, 2005-NMSC-016, ¶¶ 14-15. Therefore, *Wagner* does not indicate a clear direction such that we can hold here that article VI, section 2 provides a basis, independent of the right of access to the courts, for an appeal from the administrative decision of a statutory corporate body to the district court.

**{16}** However, because the issues in *Wagner* control this case and because *Wagner* acknowledged that for the circumstances of that appeal, the right of access was the practical equivalent of the right to appeal, we believe that we are bound by the analysis in *Wagner*. *See* 2005-NMSC-016, ¶ 14 (stating that "the right to access the courts and the right to an appeal are synonymous in the context of the workers' compensation system, as both are implicated when a litigant seeks to appeal an administrative decision to the judicial branch"). Accordingly, as our Supreme Court did in *Wagner*, we "collectively" address the right of access to the courts and the right to appeal. *Id.*

**{17}** While the right of access to the courts and the right to appeal are certainly important rights, "[i]n arguing that intermediate scrutiny applies, it is not enough to simply point to an important constitutional right; the challenger must show that the legislation in fact impacts the exercise of this right." *See id.* ¶ 16. In this case, Owners' constitutional right of access to the courts and their right to appeal are not significantly impacted. At the most literal level, the statute at issue clearly affords Owners access to the courts since Owners can have the Acequia commissioners' determination reviewed in the district court. It also affords Owners a right to appeal since Owners' right of access to the courts in this case is through their right to appeal to the district court.

**{18}** Although Owners argue that the review afforded by the statute is not "meaningful" because it is not a de novo proceeding, Owners fail to persuade this Court that a hearing de novo is necessary for meaningful review on appeal. Owners have no separate constitutional right to any particular standard of review once they are in the district court since article XVI, section 5 permits the legislature to establish a standard of review other than de novo. Statutes prescribe the type of appellate process allowed once a party comes to court. And considering that many administrative proceedings are appealed to the district court under standards that do not provide for a hearing de novo in the district court, this Court cannot say that the standard of review under Section 73-2-21(E) is inherently inadequate. *See* NMSA 1978, § 39-3-1.1 (1999), cross-references (listing scores of different types of decisions that qualify for this standard of review). We conclude, therefore, that Owners' constitutional right of access to the courts and constitutional right to appeal are not substantially impacted by Section 73-2-21(E) and that rational basis review rather than intermediate scrutiny applies. *See Wagner*, 2005-NMSC-016, ¶ 18 (holding that rational basis review applied to

7

a workers' compensation statute limiting attorney fees where the appellants did not establish that the statutory fees were so low so as to prevent litigants from being meaningfully represented in court). This is particularly true inasmuch as Owners' other issues appear to be legal questions likely reviewable de novo under the "not . . . in accordance with law" standard of Section 73-2-21(E).

{19}    Owners also suggest that the standard of review set out in Section 73-2-21(E) impacts their right to meaningful access to the courts and to a meaningful appeal because Owners were not afforded procedural due process in the hearing before the Acequia commissioners and that a de novo hearing in the district court is necessary to remedy this deficiency. That argument is clearly a procedural due process claim about the nature of the Acequia hearings in this case, not an equal protection claim about the standard of review on appeal. It is not within the scope of our review in this interlocutory appeal, and we decline to address it as part of Owners' equal protection arguments.

{20}    Under rational basis review, a statute will be upheld "unless the challenger can show the provision at issue is not rationally related to a legitimate government purpose." *Wagner*, 2005-NMSC-016, ¶ 12. Under this standard, we are required to "defer to the validity of the statute" unless the challenger meets its burden of persuasion that the statute is unconstitutional. *Id.* ¶ 24. That burden is "difficult" because the challenger "must demonstrate that the challenged legislation is clearly arbitrary and unreasonable, not just that it is possibly so[,]" and because this Court "will uphold the statute if any state of facts can be discerned that will reasonably sustain the challenged classification." *Marrujo v. N.M. State Highway Transp. Dep't*, 118 N.M. 753, 758, 887 P.2d 747, 752 (1994) (internal quotation marks and citation omitted).

{21}    Owners fail to meet their difficult burden in this case. Section 73-2-21(E) grants acequia commissioners the authority to deny approval of "change[s] in point of diversion or place or purpose of use of a water right served by the acequia" if the commissioners determine that the change "would be detrimental to the acequia . . . or its members." The deferential standard of review to be applied to such decisions helps assure that acequia commissioners, who have greater familiarity than does a district court with the unique needs of the acequia and its members, retain the power to decide whether such changes will harm the operation of the acequia or those who depend on it for access to their water rights. *See Wilson v. Denver*, 1998-NMSC-016, ¶ 43, 125 N.M. 308, 961 P.2d 153 (recognizing that "each ditch system is unique and has individualized needs"). In light of what Owners concede is an "important interest" in permitting acequias to govern "the distribution of water within the acequia," the standard of review that leaves primary decision-making authority in the acequias rather than shifting it to the district court for a hearing de novo on appeal is rationally related to this purpose.

{22}    Owners argue that the deferential standard of review is not rationally related to a legitimate government interest because, Owners assert, while distribution of water rights among those possessing such rights in an acequia has traditionally been within the acequia's

8

power, the ability to deny an owner's request to transfer such rights has not. Owners have not argued that Section 73-2-21(E) does not confer power to prevent the transfers with which we are concerned. However, assuming that Section 73-2-21(E) can be fairly read to grant acequia commissioners just such authority, Owners do not explain what principles prohibit the legislature from delegating that authority to the commissioners of an acequia. Owners seem to suggest that because Section 73-2-21(E) grants acequias greater authority than they may have previously had under the law, the statute must not be rationally related to a legitimate government interest. We disagree, and we conclude that even if Section 73-2-21(E) grants more powers to acequia commissioners than were previously held, there is nothing about the fact that such powers are newly conferred that undermines the government's legitimate interest in conferring them. Nothing we say herein, however, should be read as indicating any opinion on the issues that we do not address in this case, such as due process, vagueness, and takings.

## CONCLUSION

**{23}**     Because the district court erred in concluding that de novo appeals from  decisions of the boards of commissioners of two Acequias were constitutionally required, as though the cases were originally docketed in the district court, we reverse the district court and remand for further proceedings in accordance with Section 73-2-21(E).

**{24}    IT IS SO ORDERED.**

                                         _____

                                         **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Chief Judge**

_____
**LYNN PICKARD, Judge**

*Pena Blanca Partnership v. San Jose Community Ditch*, No. 28,005

| | |
|---|---|
| **AL** | **Administrative Law** |
| AL-AC | Arbitrary and Capricious Actions |
| AL-JR | Judicial Review |
| AL-sR | Standard of Review |
| | |
| **AE** | **Appeal and Error** |
| AE-IA | Interlocutory Appeal |

AE-SR       Standard of Review

CT         Constitutional Law
CT-EP      Equal Protection

**NR**         **Natural Resources**
NR-WL     Water Law