This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KRIS D. KATSCH,**

Plaintiff-Appellant,

v.                                                          **No. A-1-CA-37003**

**FORD MOTOR CREDIT COMPANY, LLC
and LAWRENCE P. ZAMZOK,
Individually,**

Defendants-Appellees,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Beatrice J. Brickhouse, District Judge**

Robert R. Fuentes
Rio Rancho, NM

for Appellant

Sutin, Thayer & Browne, P.C.
Andrew J. Simons
Albuquerque, NM

for Appellee Ford Motor Credit Company, LLC

Lawrence Paul Zamzok
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

**{1}** Plaintiff Kris D. Katsch seeks to appeal from an order of the district court dismissing some of his claims against Defendants Ford Motorcredit Company LLC and Lawrence P. Zamzok. We issued a notice of proposed summary disposition proposing to dismiss for lack of a final order. Plaintiff has filed a timely memorandum in opposition, and Defendants have filed a memorandum in support. We have considered Plaintiff's arguments, and we remain unpersuaded that our initial proposed disposition was incorrect. Accordingly, we dismiss this appeal for lack of a final order.

**DISCUSSION**

**{2}** "This Court's jurisdiction lies from final, appealable orders." *Coulston Found. v. Madrid*, 2004-NMCA-060, ¶ 7, 135 N .M. 667, 92 P.3d 679; *see also* NMSA 1978, § 39-3-2 (1966). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *See Britt v. Phoenix Indem. Ins. Co.*, 1995-NMSC-075, ¶ 5, 120 N.M. 813, 907 P.2d 994; *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844.

**{3}** Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest

extent possible." (internal quotation marks and citation omitted). *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033. The district court's order from which Plaintiff seeks to appeal is an order "granting Defendant's motion to dismiss as to certain claims." [RP 81] The order goes on to state that "[a]ll causes of action in Plaintiff's First Amended Complaint for Damages for Negligence, Malicious Abuse of Process, Violation of Unfair Practices Act and Claim for Punitive Damages, filed herein on April 25, 2017 . . . are hereby dismissed to the extent that they are based upon NMSA 1978, § 55-9-620(g) (2001)." [RP 81-82]

{4}     As we discussed in the notice of proposed summary disposition, the district court's order does not dispose of the case to the fullest extent possible because Plaintiff's first amended complaint asserted claims that were not based upon Section 55-9-620(g). [RP 48-50] *See Govich v. North Am. Sys., Inc.*, 1991-NMSC-061, ¶ 10, 112 N.M. 226, 814 P.2d 94 (stating that an order dismissing fewer than all of the claims generally is not "a final order from which appeal properly may be taken"). In his memorandum in opposition, Plaintiff states that Section 55-9-620(g) was the basis for his entire cause of action. [MIO 1-2] We disagree, however, as Plaintiff's first amended complaint raised a claim for violations of the Unfair Trade Practices Act based on false and misleading statements and unconscionable trade practices in the collection of delinquent accounts, which were not based on an alleged violation of

Section 55-9-620(g). [RP 48-50] Further, the district court's order clearly contemplates that further proceedings will occur because it orders Defendant to file an answer to the amended complaint within ten days of the order. [RP 82] Finally, the district court's order does not include the certification language required under Rule 1-054(B)(1)NMRA to render the order final and immediately appealable. [RP 81-82] *See* Rule 1-054(B)(1) (requiring the district court to finalize one but fewer than all of the claims upon a certification that "there is no just reason for delay").

{5}     Plaintiff also states in his memorandum in opposition that he sought, but was denied, interlocutory appeal of this order from the district court. [MIO 1-2] Plaintiff argues that interlocutory review would be appropriate given the importance of the issues he raises with regard to Section 55-9-620. [MIO 2-6] As the district court did not certify this case for interlocutory appeal, however, we decline to take the matter up at this juncture. *See Ellis v. Cigna Prop. & Cas. Cos.*, 2007-NMCA-123, ¶ 14, 142 N.M. 497, 167 P.3d 945 (declining to hear an application for interlocutory appeal where the district court did not certify the issues raised for interlocutory appeal); *see also Bell v. Estate of Bell*, 2008-NMCA-045, ¶ 9, 143 N.M. 716, 181 P.3d 708 (declining to address an issue that was neither the basis of the district court's order nor specifically certified for interlocutory appeal).

4

**CONCLUSION**

{6}     As the district court's order is non-final, the appeal is premature. Once Plaintiff secures a final order disposing of all claims, he may file a notice of appeal from that order. For these reasons, we dismiss the appeal.

{7}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**M. MONICA ZAMORA, Judge**

5