This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39039

**PHILIP ESLIN and REBECCA ESLIN,**

Plaintiffs-Appellants,

v.

**PAUL LEVY, M.D. and NEW MEXICO
HEART INSTITUTE, P.A.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Lisa Chavez Ortega, District Court Judge**

Curtis & Co.
Lisa K. Curtis
Luke W. Holmen
Albuquerque, NM

for Appellants

Hinkle Shanor LLP
Dana S. Hardy
Kathleen M. Wilson
Hari-Amrit Khalsa
Santa Fe, NM

Dickinson Wright PLLC
Bennett Evan Cooper
Phoenix, AZ

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge, retired, sitting by designation.**

**{1}**     This appeal arises from a medical malpractice claim and a jury's award of damages. Plaintiffs Philip and Rebecca Eslin argue that the district court erred by (1) entering a judgment that applied the Medical Malpractice Act's (MMA) statutory cap on damages, *see* NMSA 1978, § 41-5-6 (1992, amended 2023),[1] rather than solely reflecting the jury's verdict; (2) refusing to grant Plaintiffs' request for an evidentiary hearing in support of their arguments that the MMA's statutory cap on damages is unconstitutional; (3) enforcing the MMA's statutory cap on damages because it violates the right to trial by jury, the separation of powers, equal protection, and due process, and (4) denying Plaintiffs' request for prejudgment interest, based on their Rule 1-068(C) NMRA offer of settlement. We affirm.

**BACKGROUND**

**{2}**     Philip underwent what he thought was going to be a biopsy performed by Defendant Paul Levy, M.D., a cardiothoracic surgeon employed by Defendant New Mexico Heart Institute.[2] Despite receiving negative pathology results from the biopsy, Defendant Levy performed an extensive surgery removing the left lower lobe of Philip's lung and part of Philip's diaphragm. Philip and his wife Rebecca filed a complaint against Defendants for medical negligence, lack of informed consent, and loss of consortium, seeking compensatory and punitive damages.

**{3}**     Trial was originally set for March 2018. The trial was reset twice—once because Philip required surgery and a second time because the presiding district court judge retired—before the parties went to trial in October 2019.

**{4}**     In May 2019, Plaintiff made a Rule 1-068 offer of settlement for $1,021,891. Three months later, Defendants responded offering $200,000 for settlement. Defendants reiterated the offer the week before trial. At trial, the jury found Defendants not liable for medical negligence and loss of consortium, but did find Defendants liable for failure to obtain informed consent. The jury awarded Defendant $2,500,000 in compensatory damages, but did not award punitive damages.

**{5}**     Plaintiffs submitted a proposed form of judgment to the district court that included the full jury award.[3] Defendants objected to Plaintiffs' proposed form of order arguing in relevant part that the MMA required the judgment's award be limited by the cap. The motion was fully briefed before the district court entered a judgment in accordance with

---

[1]All references to Section 41-5-6 in this opinion are to the 1992 amendment of the statute.

[2]The facts of the underlying claims are taken from Plaintiffs' brief in chief, which Defendants do not dispute.

[3]We note that the proposed form of judgment submitted by Plaintiffs is not in the record. For purposes of this appeal, we assume it is similar to the judgment attached to their response to Defendants' objection to their form.

Defendants' objections and their suggested form. The judgment noted that the jury rendered their decision in the amount of $2,500,000 and that the "[j]udgment may be satisfied by payment of the sums recoverable pursuant to [Section ]41-5-6, in addition to the medical care in the amount of $453,240.84."

**{6}** Once the judgment was entered, Plaintiffs moved for prejudgment interest. A few days later, Plaintiffs moved to amend the judgment, arguing that the MMA statutory cap on damages is unconstitutional. Two days later, Plaintiffs separately moved for an evidentiary hearing to support their arguments regarding the constitutionality of the MMA's cap. After briefing on the issues, the district court addressed Plaintiffs' motions separately. The district court denied Plaintiffs' motions to amend the judgment, for an evidentiary hearing, and for prejudgment interest.

**{7}** Plaintiffs filed a notice of appeal and then renewed their motion for an evidentiary hearing, on which the district court declined to rule. This Court certified the matter to our Supreme Court, and certification was denied after our Supreme Court issued *Siebert v. Okun*, 2021-NMSC-016, ¶ 3, 485 P.3d 1265, wherein it concluded that the MMA's statutory cap on damages did not violate the right to a jury trial, pursuant to Article II, Section 12 of the New Mexico Constitution.

**{8}** Once the case was back in this Court, Plaintiffs filed their brief in chief. After they filed their brief in chief—noting that they had not been permitted to present evidence regarding the constitutionality of the cap to the district court—Plaintiffs moved to supplement the record with exhibits and transcripts from the evidentiary hearing held in the district court, which was the basis of *Siebert*, 2021-NMSC-016. *Siebert* involved none of the parties in this case, but Plaintiffs' counsel represented the plaintiffs in that case. The motion was denied.

## DISCUSSION

### I.      The District Court Did Not Err in Entering the Judgment in Accordance With the MMA's Cap on Statutory Damages

**{9}** The district court entered a judgment that referenced the dollar amount of the jury's verdict, but stated that the verdict could be satisfied by payment of the sums recoverable pursuant to the MMA's statutory cap on damages. *See* § 41-5-6. Plaintiffs argue that the district court violated the Rules of Civil Procedure by refusing to enter a judgment that reflected only the jury's verdict. This is an issue of law that we review de novo. *See H-B-S P'ship v. Aircoa Hosp. Servs., Inc.*, 2008-NMCA-013, ¶ 5, 143 N.M. 404, 176 P.3d 1136 ("Our review is de novo because the interpretation of rules is a question of law.").

**{10}** When determining what a procedural rule requires of the district courts, "we use the same rules of construction applicable to the interpretation of statutes." *Frederick v. Sun 1031, LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 (internal quotation marks and citation omitted). "We first look to the language of the rule." *In re Michael L.*, 2002-

NMCA-076, ¶ 9, 132 N.M. 479, 50 P.3d 574. "[W]hen a [rule] contains language which is clear and unambiguous, we must give effect to that language and refrain from further . . . interpretation." *See Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (internal quotation marks and citation omitted).

**{11}**     Plaintiffs first argue that Rule 1-049(A) NMRA states, "[A]ll issues are deemed to have a finding in accord with the judgment of the special verdict," and that this language required the district court to enter judgment in the amount of the jury's actual verdict without modification. This argument misquotes and misinterprets Rule 1-049(A), which states, "As to an issue [of fact not presented in a special verdict form,] the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict." Rule 1-049(A) simply notes that a party's failure to sufficiently submit an issue for a special verdict form allows either the district court to make the necessary finding or the jury shall be deemed to have made a finding in accordance with the jury's judgment. It does not require that the district court enter a medical malpractice judgment in accordance with a jury verdict without mention of the cap, require the defendants move to amend the jury verdict to comply with the statutory cap on damages, or even implicate the issue at hand. *Id.*

**{12}**     Plaintiffs next rely on Rule 1-049(B) to argue, "That when the general verdict and the answers to interrogatories contained with the verdict are harmonious, 'appropriate judgment upon the verdict and answers shall be entered.'" Although Plaintiffs do not misstate the rule, the rule does not require reversal. Rule 1-049(B) allows combining a general verdict form with written interrogatories. But the jury here was provided and returned a special verdict form. Thus, Rule 1-049(B) is not relevant to our inquiry. Further, the rule simply states that when the two are harmonious "appropriate judgment" shall be entered. Plaintiffs' argument assumes that "appropriate judgment" necessarily means a judgment entered on the jury's verdict cannot mention or reflect the statutory cap on damages. Plaintiffs do not cite to authority or make any argument interpreting the phrase. We are not aware of any authority supporting this assertion and we decline to address the argument further. *See ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (refusing to consider a proposition that was unsupported by citation to authority).

**{13}**     Plaintiffs next cite to Rule 1-054(C) NMRA for the proposition that, "[e]xcept for a default judgment, each final judgment shall grant the relief sought by the party in whose favor judgment is rendered, even if the party has not demanded the relief in the party's pleadings." However, Rule 1-054(C) simply provides that a grant of relief is not confined to that requested in the pleadings. *Lett v. Westland Dev. Co.*, 1991-NMSC-069, ¶ 6, 112 N.M. 327, 815 P.2d 623 (citing the historically applicable version of Rule 1-054(C) and then stating, "While a prayer for relief may be helpful in specifying the contentions of the parties, it forms no part of the pleader's cause of action, and the prevailing party should be given whatever relief he is entitled to under the facts pleaded and proved at trial"). Again, Rule 1-054(C) does not require a jury's verdict to be entered without mentioning or applying the MMA's statutory cap on damages.

**{14}** Plaintiffs' final assertion is that "[t]he district court should have required Defendants to follow the Rules of Civil Procedure and submit a separate motion to alter or amend the judgment," as occurred in *Siebert*, 2021-NMSC-016, ¶¶ 7, 8. Plaintiffs argue that in not doing so, the district court "truncated the proper motion practice, which in turn denied Plaintiffs the opportunity to properly raise their constitutional challenge to the MMA." We see no basis in *Siebert* for requiring that the procedure followed there be followed in other cases. Moreover, Plaintiffs had the opportunity to present their constitutional arguments when they submitted their motion to amend the judgment. We cannot agree that the form of the judgment deprived them of their ability to make their arguments. Accordingly, we affirm the district court.

## II. The District Court Did Not Abuse Its Discretion in Denying Plaintiffs' Request for an Evidentiary Hearing

**{15}** Plaintiffs next argue that the district court abused its discretion when it refused to grant their request for an evidentiary hearing regarding their constitutional arguments. We review the district court's decision for an abuse of discretion. *Cf State v. Guerro*, 1999-NMCA-026, ¶ 24, 126 N.M. 699, 974 P.2d 669 (reviewing the district court's decision to refuse to hold an evidentiary hearing on the defendant's plea-withdrawal for an abuse of discretion). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted).

**{16}** Plaintiffs argue that *Pincheira v. Allstate Insurance Co.*, 2008-NMSC-049, ¶ 51, 144 N.M. 601, 190 P.3d 322, and *State v. Cotton Belt Insurance Co.*, 1981-NMSC-129, ¶ 13, 97 N.M. 152, 637 P.2d 834, stand for the proposition that "when a party raises an argument which requires evidentiary proof of matters not previously presented to the court, the court abuses its discretion if it limits the presentation of evidence relevant to that argument."

**{17}** We have no quarrel with the general proposition that evidentiary hearings are required when fact-intensive circumstances are at issue. In *Pincheira*, for example, the question whether the material sought were trade secrets could not be decided in the abstract. 2008-NMSC-049, ¶¶ 3, 49, 51. Similarly, whether remittitur of a bond was appropriate required specific knowledge of the facts surrounding the defendant's failure to appear, the bonding company's effects to produce him, and the actual cost of the state to obtain custody. *Cotton Belt Insurance Co.*, 1981-NMSC-129, ¶¶ 12, 13. There were no similar fact-intensive inquiries required here.

**{18}** First, Plaintiffs motion to amend the judgment did not highlight fact-specific inquiries that require an evidentiary hearing. The only issue the motion addressed was the violation of trial by jury. In our view, these theories present purely legal issues. If Plaintiffs had an argument that evidence was necessary to consider them, they failed to elucidate it to the trial court or this Court. Further, the two theories had already been decided by this Court. *See Salopek v. Friedman*, 2013-NMCA-087, ¶¶ 59-71, 308 P.3d

139, *overruled on other grounds by Siebert*, 2021-NMSC-016, ¶ 32. Plaintiffs made no effort below to distinguish *Salopek*. Neither did they articulate any basis—evidentiary or otherwise—to revisit its holdings. It is reasonable to conclude that these considerations were part of why the district court cited *Salopek* as the reason for its decision to deny the hearing.

**{19}** Second, Plaintiffs' motion for an evidentiary hearing fares no better. Plaintiffs made a bare assertion that they had made constitutional arguments that required the district court to hold an evidentiary hearing so that they could present evidence to prove that the MMA is unconstitutional. The only argument they mentioned was an equal protection claim, but, again, Plaintiffs did not address what evidence they wanted to present to prove their claims or what they would present at an evidentiary hearing. And, again, Plaintiffs did not acknowledge that *Salopek* had already held that the MMA did not violate equal protection principles. *See id.* ¶¶ 62-69. Nor did they expand on what kind of evidence they might be able to present to bring *Salopek*'s holding into question. Based on Plaintiffs' repeated failure to explain to the district court what evidence they intended to present at an evidentiary hearing to support their constitutional arguments, it was not "clearly contrary to the logical conclusions demanded by the facts and circumstances of the case" to deny Plaintiffs' motion for an evidentiary hearing. *See Benz*, 2013-NMCA-111, ¶ 11 (internal quotation marks and citation omitted).

## III.   Plaintiffs' Constitutional Arguments Are Unavailing

**{20}** Plaintiff argues that the MMA's statutory cap on damages is unconstitutional because it violates Plaintiffs' right to trial by jury, the separation of powers, equal protection, and due process pursuant to the New Mexico Constitution. Addressing these arguments is an issue of law, which we review de novo. *See Peña Blanca P'ship v. San Jose De Hernandez Cmty. Ditch*, 2009-NMCA-016, ¶ 9, 145 N.M. 555, 202 P.3d 814.

## A.   The Cap Does Not Violate Plaintiffs' Right to Trial by Jury

**{21}** Plaintiffs argue the cap violates their right to a trial by jury in Article II, Section 12 of the New Mexico Constitution. This Court is bound by *Siebert*, 2021-NMSC-016, ¶ 56, which held that the cap did not violate this right to a trial by jury. *See id.*, ¶ 33 ("The general rule is that a court lower in rank than the court which made the decision invoked as a precedent cannot deviate therefrom and decide contrary to that precedent, irrespective of whether it considers the rule laid down therein as correct or incorrect." (internal quotation marks and citations omitted)); *Haygood v. USAA*, 2019-NMCA-074, ¶ 11, 453 P.3d 1235 (noting this Court is bound by our Supreme Court's precedent regarding its interpretation of a statute).

## B.   Plaintiffs Did Not Preserve Their Argument That the Cap Violates the Separation of Powers, Equal Protection, and Due Process Provisions of the New Mexico Constitution

**{22}**     Plaintiffs also argue that the cap violates the separation of powers doctrine, equal protection, and due process based on the New Mexico Constitution. These arguments are unpreserved. "To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked." Rule 12-321(A) NMRA; *see Benz*, 2013-NMCA-111, ¶ 24 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

**{23}**     Plaintiffs' motion to amend the judgment included a heading that stated, "New Mexico Constitution Guaranteeing the Right to Jury Trial, the Right to Open Courts, the Right to Separation of Powers, and the Right to Due Process are Violated if the Judgment is Allowed to Stand." The argument was limited to their claims regarding the violation of the right to a jury trial. Plaintiffs did not develop any argument specifically about the separation of powers doctrine—they did not even cite to the constitutional provision. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791 ("In order to preserve an issue for appeal, [an appellant] must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon.").

**{24}**     Plaintiffs also did not develop an argument regarding equal protection or due process in their motion to amend the judgment. After addressing their claims regarding the right to a trial by jury, Plaintiffs briefly stated, "[T]he simple fact that the cap under the MMA has remained the same amount for over 25 years is evidence of its inapplicability to a legitimate state interest." Before fully developing the argument or referencing the equal protection or due process constitutional provisions, they returned to their arguments regarding the violation of the right to a trial by jury. *See id.* Under a separate heading, Plaintiffs stated, "The Judgment Improperly Truncates the Jury's Verdict, [a]nd Thereby Denied Plaintiffs' Due Process Rights Regarding Legislative Remittitur." This argument was based on remittitur, not on the rational basis scrutiny argument they make to this Court. Based on this lack of preservation, we decline to consider the arguments further. *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent . . . any obvious preservation, we will not consider the issue.").

## IV.     The District Court Did Not Abuse Its Discretion in Denying Plaintiffs' Prejudgment Interest

**{25}**     Plaintiffs' final argument is that the district court abused its discretion when it denied their request for prejudgment interest because it failed to take into account their Rule 1-068(C) settlement offer.

**{26}**     NMSA 1978, Section 56-8-4(B) (2004) states that

> [u]nless the judgment is based on unpaid child support, the court in its discretion may allow interest of up to ten percent from the date the

complaint is served upon the defendant after considering, among other things:

> (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and

> (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

We review a district court's decision to grant or deny prejudgment interest for an abuse of discretion. *Gonzales v. N.M. Dep't of Health*, 2000-NMSC-029, ¶ 38, 129 N.M. 586, 11 P.3d 550.

**{27}** We note that although the district court did not award prejudgment interest, it did award double costs pursuant to Rule 1-068 based on Plaintiffs' offer of judgment. For the reasons that follow, we conclude that the district court's decision to deny prejudgment interest did not amount to an abuse of discretion under the circumstances presented here. Plaintiffs made a Rule 1-068 offer of settlement for $1,021,891 months before trial. During mediation, Defendants offered Plaintiffs $200,000, which they renewed the week before trial. The jury awarded Philip $2,500,000 in damages. Plaintiffs moved for prejudgment interest, wherein they specifically argued that they made reasonable attempts at settling the matter for an amount significantly less than the jury's award. The district court denied Plaintiffs' motion and gave multiple reasons. First, the district court noted that the parties "had genuine and legitimate differences of opinion on the strength of the claims asserted." Second, it noted that Plaintiffs did not prevail on most of their claims and "there were legitimate disputes between the parties that made it a difficult case to resolve." And third, the district court noted that trial was delayed through no fault of either party. The district court's ruling is not without logic. *See Abeita v. N. Rio Arriba Elec. Coop.*, 1997-NMCA-097, ¶ 45, 124 N.M. 97, 946 P.2d 1108 (concluding the district court did not abuse its discretion in denying the plaintiff prejudgment interest because it addressed in relevant part the source of delay and that the issues would probably preclude settlement).

**CONCLUSION**

**{28}** We affirm.

**{29}** **IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by designation.**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**