791 P.2d 481

**Ralph M. LEPISCOPO,
Plaintiff–Appellant,**

v.

**Mark HOPWOOD, Lynn Bartels, David Vigil, and Nick D'Angelo,
Defendants–Appellees.**

No. 12026.

Court of Appeals of New Mexico.

April 5, 1990.

Certiorari Denied May 8, 1990.

Page 31

---

Ralph M. Lepiscopo, Santa Fe, pro se.

Victor R. Marshall, Joel K. Jacobsen, Albuquerque, Nick D'Angelo, Santa Fe, for defendants-appellees.

## OPINION

BIVINS, Chief Judge.

Plaintiff is an inmate at the New Mexico State Penitentiary. He has filed a large number of pro se lawsuits in recent years, relying on grants of free process to avoid paying filing fees in magistrate courts, district courts, this court, and the supreme court. As we discuss below, the lower courts have found it necessary to take action to restrict the number of cases plaintiff is able to bring in those courts. In this opinion we discuss, first of all, a pending appeal in which plaintiff was granted free process by this court. We also address several other pleadings that were submitted either to this court's clerk or to individual judges, which appear to be attempts to appeal actions taken by various courts. We specifically discuss the issue of whether plaintiff should be allowed to file those pleadings in forma pauperis.

In the case currently pending, plaintiff appealed the district court's failure to take action on certain motions filed below. The calendar notice proposed to dismiss the appeal for lack of a final order, and plaintiff has not filed a memorandum in opposition to the dismissal. Therefore, the appeal is hereby dismissed.

Plaintiff has submitted pleadings resulting from four other lower court cases to this court for our consideration. In each case, plaintiff has requested permission to proceed in forma pauperis on appeal.

We recognize that plaintiff's right of access to the courts is important. *State ex rel. Bardacke v. Welsh*, 102 N.M. 592, 698 P.2d 462 (Ct.App.1985). We also recognize that plaintiff's financial position is such that, unless he is granted in forma pauperis status, he will be unable to pursue

some appeals. Where a litigant has a history of filing meritless, vexatious lawsuits, however, and where that pattern unduly burdens the judicial system, courts can constitutionally restrict the litigant's access to the courts. *Id.; see also Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986), *cert. denied*, 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987); *Sires v. Gabriel*, 748 F.2d 49 (1st Cir.1984); *Kersh v. Borden Chem.*, 689 F.Supp. 1442 (E.D. Mich.1988). This plaintiff has exhibited such a history, as is evidenced by the following: (1) the Second Judicial District was constrained to impose an injunction preventing plaintiff from filing any pro se lawsuits unless the pleadings were first reviewed by a judge and permission granted to file same, *see Lepiscopo v. Hopwood*, Second Judicial District Court No. CV–87–08954; (2) since 1987, plaintiff has filed nineteen petitions for writ of mandamus with the New Mexico Supreme Court, and several petitions for certiorari with the United States Supreme Court, none of which has been found to have merit; (3) plaintiff has filed or attempted to file six appeals with this court, two of which have been summarily dismissed or affirmed, and four others that are without merit, as we discuss below.

We conclude that plaintiff has excessively burdened the entire court system with meritless lawsuits and appeals, and we will not allow him to burden this court in such manner. Therefore, this court will no longer automatically grant plaintiff's petitions to proceed in forma pauperis on appeal upon a mere showing of financial eligibility. Instead, we will screen plaintiff's attempts to appeal to determine, in our discretion, whether the appeal has some arguable merit and whether plaintiff still qualifies financially for free process. If we deem the appeal to be without merit, we will deny the petition to proceed in forma pauperis, even if plaintiff is financially eligible for such treatment.

■ With the foregoing considerations in mind, we examine the pleadings submitted to this court by plaintiff. We deny plaintiff's application for free process in the case of *Lepiscopo v. McCotter*, a case involving a petition for writ of mandamus addressed to the First Judicial District. The petition for writ was not submitted to this court, nor were any facts about the writ provided in the docketing statement, and plaintiff has therefore failed to provide a sufficient record for meaningful review of this case. To the extent plaintiff is attempting to attack the injunction issued by the Second Judicial District in this appeal, we have already determined that his failure to appeal the injunction properly bars a subsequent attack on its merits. *Lepiscopo v. Penitentiary of N.M. Hosp.*, No. 11,874 (memorandum opinion filed February 15, 1990).

■ In the case of *Lepiscopo v. Urban*, we note plaintiff has attempted to appeal to this court from a decision of the magistrate court. Appeals from magistrate courts are to be taken to the district court, not this court. *See* SCRA 1986, 2–705 (Cum.Supp. 1989). Therefore, the appeal is without merit and we deny plaintiff's application for free process.

■ Plaintiff's appeal in *Lepiscopo v. Knapp* addresses a matter plaintiff has already taken before the supreme court in a petition for writ of mandamus. The petition was denied. Plaintiff would have us take action contrary to the supreme court's denial of the petition, which we cannot do. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). Therefore, we deny the application for free process in this case.

■ Plaintiff's appeal in *Lepiscopo v. B.C.D.C. Employees* is an attempt to have this court order the district court to hold a hearing on a pending case. Plaintiff has not filed a notice of appeal in this case, and we therefore have no jurisdiction. We note also that this court does not have the authority to issue a writ of mandamus to district courts. That power lies with the supreme court. *See State ex rel. Townsend v. Court of Appeals*, 78 N.M. 71, 428 P.2d 473 (1967); SCRA 1986, 12–503; SCRA 1986, 12–504 (Cum.Supp.1989). Plaintiff's attempt to appeal this matter is dismissed for lack of jurisdiction.

Pursuant to the foregoing, we take the following actions: (a) we dismiss plaintiff's appeal in Case No. 12,026; (b) we enter an order prohibiting the grant of free process on appeal to plaintiff, unless a judge of this court has examined the documents submitted in connection with appeal and determines the appeal has sufficient merit to warrant granting in forma pauperis status; (c) we take the actions described above with respect to plaintiff's other attempts at appeal.

IT IS SO ORDERED.

ALARID, and APODACA, JJ., concur.