This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANTHONY BARELA,**

Plaintiff-Appellant,

v.                                                    **NO. 29,866**

**RONALD RUTLEDGE,**

Defendant,

and

**JOHN DUHIGG,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

Anthony Barela
Albuquerque, NM

Pro Se Appellant

The Duhigg Law Firm
Katy Duhigg
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Appellant appeals from the district court's amended judgment that his prior attorney is entitled to $33,845.59 plus interest of Appellant's recovery under an attorney charging lien. **[RP Vol.II/352, 354]** Our amended notice proposed to affirm, and Appellant filed a timely memorandum in opposition and motion to amend the docketing statement, as well as an amended memorandum in opposition. We deny Appellant's motion to amend the docketing statement. We further remain unpersuaded by Appellant's arguments and therefore affirm.

Apart from the merits, Appellant continues to argue that the district court abused its discretion in failing to rule on post-judgment motions. As discussed at length in our notice, the case became final for purposes of appeal because the district court implicitly denied a series of pending post-judgment motions filed by Appellant and thereafter lacked jurisdiction to address any additional post-judgment motions that Appellant filed. Therefore, to the extent Appellant requests that this case be remanded to the district court for further hearings **[amended MIO 5]** and that he be allowed to amend his docketing statement to address any resultant rulings by the district court **[MIO 4]**, we deny his request. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (providing that issues sought to be presented must be viable), *superseded on other grounds as recognized by State v. Salgado*, 112 N.M. 537, 538,

2

817 P.2d 730, 731 (Ct. App. 1991). Moreover, whether the post-judgment motions at issue lack merit **[amended MIO 1]** is a matter for the district court, not this Court, to address in the first instance. *See Lepiscopo v. Hopwood*, 110 N.M. 30, 32, 791 P.2d 481, 483 (Ct. App. 1990) (providing that "[w]here a litigant has a history of filing meritless, vexatious lawsuits, however, and where that pattern unduly burdens the judicial system, courts can constitutionally restrict the litigant's access to the courts").

As for the merits of Appellant's other contentions, Appellant continues to argue that Appellee (Attorney Duhigg) violated Rule LR 1-304 NMRA. **[amended MIO 2]** As provided in our notice, we believe Attorney Duhigg complied with the spirit of LR 1-304, and even if there was a violation of such rule, Appellant suffered no prejudice. *See State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994) (providing that "[i]n the absence of prejudice, there is no reversible error").

Appellant also argues that the award of an attorney charging lien was erroneous because Attorney Duhigg was in contempt of court for failure to provide an itemized billing statement. **[amended MIO 2-3]** As noted in the district court's August 17, 2009 amended judgment, Attorney Duhigg filed a certificate to the court that he was employed by Appellant on a contingent fee basis, that he provided Appellant with 532 pages of his work file, and that he provided a statement that he spent 132 hours on a

3

monthly basis. **[RP Vol.II/354]** This provided sufficient documentation to the district court of the amount of time Attorney Duhigg spent on Appellant's case. While Appellant casts this issue as contempt of court **[amended MIO 2]**, the district court was plainly satisfied with Attorney Duhigg's efforts to comply with the court's request, and we see no basis for concluding otherwise.

All remaining issues set forth in Appellant's docketing statement are affirmed for the reasons provided in our notice. *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (providing that "a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact").

**Conclusion**

Based on the foregoing discussion, as well as the discussion of Appellant's issues set forth in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

4

_____

**LINDA M. VANZI, Judge**