This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FAIRY PURIFOY,**

Plaintiff-Appellee,

**vs.**                                                                **NO. 31,714**

**GROUP I,**
**FAIRY PURIFOY as Personal Respresentative**
**of the Estate of JOHN FRED CAVENDAR,**
**Deceased,**

Defendants,

**DUSTY STONE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**David P. Reeb, Jr., District Judge (Sitting by Designation)**

John R. Hakanson
Alamogordo, NM

for Appellees

Dusty Stone
San Jon, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals from the following orders: (1) judgment and final decree of quiet title filed on August 21, 2007 [RP 20]; (2) order granting Plaintiff's motion for judgment on the pleadings filed on April 14, 2011 [RP 166]; (3) order on hearing of March 28, 2011, filed on April 14, 2011 [RP 169]; and (4) order granting second motion for protective order or permanent injunction against Lee Stone, Dusty Stone, and any, and all siblings, heirs, successors or assigns of Lee Stone or Dusty Stone, filed on October 21, 2011 [RP 381]. We dismiss Defendant's appeal from the first three orders listed above and affirm the October 21, 2011 order.

**DISCUSSION**

**A. The District Court's August 21, 2007, April 14, 2011, and April 18, 2011 Order Were Final and Appealable When filed; Therefore, Defendant's Appeal From them is Untimely**

"Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion." *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. Moreover, "our appellate jurisdiction is limited to review of 'any final judgment or

decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights[.]'" *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 (citing NMSA 1978, § 39-3-2 (1966). Finally, generally, an order or judgment is considered final when all issues of law and fact have been determined and the case disposed of by the district court to the fullest extent possible. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).

Final judgment quieting title in Plaintiff to the real property in dispute (the real property) was filed on August 21, 2007. [RP 20] Under the principles of finality and this Court's jurisdiction set forth above, this order was final and appealable on August 21, 2007. Defendant did not file a notice of appeal with regard to this order until October 13, 2011. [RP 374]

On June 3, 2010, Defendant filed post-judgment motion against the August 21, 2007 judgment, objecting to it on grounds of fraud and misrepresentation. [RP 24] Plaintiff responded, pointing out that Defendant had not intervened or timely appealed from the August 21, 2007 final judgment; that the requested reopening of this case was for the purpose of perpetuating a falsehood on the court on issues that have already been ruled upon; and that res judicata bars Defendant's claims. [RP 63]

Plaintiff also filed a motion for judgment on the pleadings. [RP 65] The district court granted judgment on the pleadings to Plaintiff in an order filed, after a hearing, on April 14, 2011. [RP 169] Under the principles of finality and this Court's jurisdiction as set forth above, this order was final and appealable when entered on April 14, 2011. Defendant did not file a notice of appeal with regard to this order until October 13, 2011. [RP 374]

On January 18, 2011, Defendant filed a motion for default judgment, continuing to argue that Plaintiff received quiet title to the real property through fraud and misrepresentations and that Plaintiff was in default for not responding to Defendant's discovery requests regarding title to the real property. [RP 94] The district court denied Defendant's motion for default judgment in an order filed on April 18, 2011. [RP 169]

Defendant also appears to argue that his two post-judgment motions were filed pursuant to Rule 1-60(B)(1), (2), and (3) NMRA (providing that a judgment may be set aside for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1-059 NMRA; and (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party). Rule 1-060(B)(6) specifically provides, however, that such a motion

4

"shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one-year after the judgment, order or proceeding was entered or taken." In this case, Defendant filed both of his motions, on June 3, 2010 and January 18, 2011, respectively, more than one year after the August 21, 2007 judgment. As such, these motions were untimely filed pursuant to Rule 1-060(B).

In addition, a Rule 1-060(B) motion, unlike other post-judgment motions filed pursuant to Rule 12-201(D) NMRA, does not affect the finality of the underlying judgment, nor toll the time for filing a notice of appeal from it. *See* Rule 1-060(B)(6) (stating that "[a] motion under this paragraph does not affect the finality of a judgment or suspend its operation"). Thus, Defendant's motions filed on June 3, 2010, and January 18, 2011, did not affect the finality of the August 21, 2007 judgment, nor toll the time for filing a notice of appeal within thirty (30) days of August 21, 2007. *See* Rule 12-201(A)(2) NMRA. Defendant did not appeal from the August 21, 2007 judgment until October 13, 2011. [RP 374]

Defendant's June 3, 2010, and January 18, 2011, motions were also untimely filed with regard to the requirements for timely filing motions for reconsideration that would have affected the finality of the August 21, 2007 judgment, pursuant to Rule 1-050A(B) NMRA, Rule 1-059, Rule 1-052(D) NMRA, and NMSA 1978, § 39-1-1 (1953). *See* Rule 12-201(D).

5

Thus, we hold that, no matter how Defendant's June 3, 2010, and January 18, 2011, motions attacking the August 21, 2007 judgment are considered, Defendant did not file a notice of appeal within thirty (30) days from the dates they were entered on April 14, 2011. As such, Defendant's notice of appeal filed on October 13, 2011, was untimely filed with regard to the August 7, 2007, April 14, 2011 orders, and, therefore, this Court lacks jurisdiction to review them on the merits. *See Chavez v. U-Haul Co.*, 1997-NMSC-051, ¶¶ 19-22, 124 N.M. 165, 947 P.2d 122 (stating that generally, an appellate court will only exercise discretion to hear an untimely appeal if a court has somehow misled the parties or if deviation from mandatory requirements is truly minimal such as where the notice of appeal was filed 58 minutes late); *see also Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) ("Only the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects.").

In the memorandum, Defendant contends that the district court perhaps "unethically" misled him into not filing notices of appeal from the April 2011 orders. [MIO 3-4] Defendant also alleges that he thought the district court would hold him in contempt if he did file a notice of appeal in this Court from these orders. [MIO 3] Defendant continues to argue that the underlying quiet title judgment filed on August 21, 2007, and the orders filed on April 14, 2011, were entered due to Plaintiff's fraud,

6

misrepresentation, and Plaintiff's failure to give proper notice to Defendant. [MIO 4-21] Defendant further argues that this Court is bound by the facts he sets forth in his docketing statement. [MIO 21, v] We are not persuaded.

Defendant's failure to timely appeal from the August 2007 and April 2011 orders cannot be attributed to any "unethical" actions or trickery by the district court judge. [MIO 3-4] No district court judge conceives that it can hold a party in contempt for filing a notice of appeal in this Court in accordance with that party's reading of the Rules of Appellate Procedure. *See also State v. Case,* 100 N.M. 714, 717, 676 P.2d 241, 244 (1984) (stating personal bias cannot be inferred from an adverse ruling). It is well-established that factual recitations in the docketing statement are accepted as true *unless the record on appeal shows otherwise. State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978). In this case, the record proper clearly shows that, upon due consideration, the district court rejected Defendant's claims against the validity of the August 2007 judgment, which Defendant continues to articulate in the docketing statement and his memorandum; the district court filed its rulings against Defendant's claims; and Defendant did not timely appeal from them.

We dismiss Defendant's appeal with regard to merits of these three orders, because this Court lacks jurisdiction to review them.

**B.    Defendant's Appeal From the District Court's October 21, 2011 Order was Timely Filed**

On March 28, 2011, Plaintiff filed a motion for protective order and permanent injunction against Defendant and his relatives, siblings, heirs, successors, and assigns, for continuing to file motions and pleadings raising the same issues already ruled upon in the August 21, 2007 judgment. [RP 136] On October 21, 2011, the district court granted Plaintiff's motion. [RP 381] Defendant's appeal from this order was timely filed on October 13, 2011. [RP 374] *See* Rule 12-201(A)(3) (stating that "[a] notice of appeal filed after the announcement of a decision, or return of the verdict, but before the judgment or order is filed in the district court clerk's office shall be treated as filed after such filing and on the day thereof").

Defendant contends that the district court erred in entering the October 21, 2011 order. We affirm.

The district court has broad discretion in determining whether good cause exists to issue a protective order. *See, e.g.*, *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 37, 127 N.M. 282, 980 P.2d 65; *see also Estate of Romero v. City of Santa Fe*, 2006-NMSC-028, ¶ 21, 139 N.M. 671, 137 P.3d 611 (discussing that "we do not tell the [district] court when it is appropriate to issue protective orders under [Rule 1-026] to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense") (internal quotation marks and citation omitted).

As discussed above, the district court entered final and appealable orders on all of Defendant's issues on August 21, 2007 and April 14, 2011. Defendant did not timely appeal from these orders. Instead, Defendant continued to file numerous pleadings against Plaintiff, including a new complaint in the district court [RP 377], raising the same issues and concerns that the district had already ruled upon in these orders.

We agree with the district court that Defendant was estopped by judgment and res judicata from further litigating the issues in this case and from continuing to file pleadings against Plaintiff about them. [RP 381] *See e.g.*, *Belser v. O'Cleireachain,* 2005-NMCA-073, ¶ 3, 137 N.M. 623, 114 P.3d 303 (stating that a district court has inherent authority to manage the cases before it); *Pizza Hut of Santa Fe, Inc. v. Branch,* 89 N.M. 325, 327, 552 P.2d 227, 229 (Ct. App. 1976) (stating that district courts have inherent power to manage their dockets so as to achieve the orderly and expeditious disposition of cases). We hold that the district court did not abuse its discretion in granting Plaintiff's motion for a protective order. *See Lepiscopo v. Hopwood,* 110 N.M. 30, 32, 791 P.2d 481, 483 (Ct. App. 1990) (stating that when there is a pattern of vexatious filings, courts can constitutionally restrict access to the courts).

**CONCLUSION**

Defendant did not timely appeal from the district court's final and appealable orders filed on August 21, 2007 and April 14, 2011. Since we do not have jurisdiction to review these orders on the merits, we dismiss Defendant's appeal relating to them. We affirm the district court's October 21, 2011 order.

**IT IS SO ORDERED.**

                                       _____

                                       **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**MICHAEL E. VIGIL, Judge**