This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**RICHARD A. VAN AUKEN**,

Plaintiff-Appellant,

**v.** No. 31,961

**FLETCHER R. CATRON, ESQ.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Lakins Law Firm, P.C.
Charles N. Lakins
Albuquerque, NM

for Appellant

Law Office of Jack Brant, P.C.
John M. Brant
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff Richard Van Auken appeals a district court order dismissing his complaint for a declaratory judgment and an order enjoining him from certain conduct in the prosecution of lawsuits against Defendant Fletcher Catron. In our notice of proposed summary disposition, we proposed to affirm. Van Auken filed a memorandum in opposition and a motion to amend the docketing statement. As Van Auken's motion to amend the docketing statement does not demonstrate that the issues he seeks to raise are viable, we deny the motion, and as his memorandum does not otherwise persuade this Court that affirmance is not warranted, we affirm.

**Denial of the Motion to Reconsider**

Van Auken's docketing statement contends that the district court erred in denying his motion to reconsider an order granting an injunction against him. [DS unnumbered page 3] In our notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in denying the motion to reconsider when it was filed pro se, in contravention of the district court's order enjoining Van Auken from filing pro se pleadings in any pending cases against Catron. *See Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 697, 858 P.2d 66, 73 (1993) (stating that a district court abuses its discretion only when its decision is "clearly untenable or contrary to logic and reason" (internal quotation marks and citation omitted)); *Talley v. Talley*, 115 N.M. 89, 92, 847 P.2d 323, 326

(Ct. App. 1993) ("When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion.").  As Van Auken's memorandum in opposition focuses solely on the reasons that the district court's underlying orders were erroneous, it provides no argument or authority that the district court erred in denying the motion to reconsider.  Accordingly, Van Auken has failed to demonstrate error on this basis.  *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that an issue is deemed abandoned where a party's memorandum in opposition fails to respond to the proposed disposition of an issue).

**Motion to Amend the Docketing Statement**

Van Auken filed a motion to amend the docketing statement to add two additional issues: (1) whether the district court erred in dismissing Van Auken's claim for declaratory judgment, and (2) whether the district court erred granting an injunction that placed certain limitations on Van Auken's conduct in the prosecution of lawsuits against Catron.  This Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules.

*State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). Even when these requirements are met, this Court will deny a motion to amend that raises issues that are not viable. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

We deny Van Auken's motion to amend the docketing statement to add the issue of whether the district court erred in dismissing his declaratory judgment action because he has failed to demonstrate that this issue is viable. Catron's motion to dismiss was based on two grounds: first, that the district court in the case of D-0101-CV-2006-01509 had already interpreted the terms of the trust and that its interpretation was binding on the parties in this case; and, second, that the statute of limitations had run for any claim Van Auken could file against Catron based on the terms of the trust, such that a declaration of the meaning of those terms would have no effect. [RP 29-35] With respect to the first basis, the parties' arguments focused on whether the 2006 decision was final, such that the district court's interpretation should bind the parties. From this Court's review of the New Mexico State Judiciary Case Lookup, https://caselookup.nmcourts.gov/caselookup/app, it appears that Van Auken filed a timely motion to reconsider the district court's order dismissing that case, and it appears that the order has not yet been ruled upon. Therefore it appears

4

that there has been no final decision in the 2006 case, and that any interlocutory rulings of the district court in that case could be reconsidered. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (stating that when a post-judgment motion is filed that could alter, amend, or moot the judgment, the judgment is no longer final for purposes of appeal); *Melnick v. State Farm Mut. Auto. Ins. Co.*, 106 N.M. 726, 728, 749 P.2d 1105, 1107 (1988) (stating that a trial court "has the inherent authority to reconsider its interlocutory orders"). Accordingly, it would appear that preclusion doctrines such as collateral estoppel and res judicata would not apply to bind the parties to the district court's interpretation of the trust in that case. *See State ex rel. San Miguel BCC v. Williams*, 2007-NMCA-036, ¶ 25, 141 N.M. 356, 155 P.3d 761 (stating that in order for claim preclusion or res judicata to apply, there must have been a final decision on the merits); *Ullrich v. Blanchard*, 2007-NMCA-145, ¶ 19, 142 N.M. 835, 171 P.3d 774 (stating that collateral estoppel or issue preclusion applies when issues or ultimate facts have been decided in a prior litigation).

However, when an issue is before a district court in a case and one of the parties files an action raising the same issue in another district court, the second court can dismiss on prudential grounds. *See Fastbucks of Roswell v. King*, 2012-NMCA-___, ___P.3d ___ ¶¶ 1,17 (No. 31,007, Nov. 1, 2012) (affirming the district court's

decision to dismiss a petition for a writ of mandamus where the issues in the petition were before another district court in a different suit between the parties). Accordingly, Van Auken has not demonstrated that the district court erred in dismissing this case based on its decision that it should not resolve an issue that was pending between the parties before another district court.

Furthermore, the second basis of Catron's motion to dismiss was that any claim by Van Auken against Catron would be barred by the relevant statute of limitations. The Declaratory Judgment Act, NMSA 1978, Section 44-6-2 (1975), requires an "actual controversy" between the parties in order to bring a claim for a declaratory judgment. In Catron's motion to dismiss, he argued that there could be no actual controversy between Van Auken and himself regarding the terms of the trust, because the statute of limitations had already run on any claims that Van Auken could bring against Catron based on the interpretation of the trust. [RP 34-35] On appeal, Van Auken does not argue that dismissal on the basis of the statute of limitations was error, and there is New Mexico case law that supports such a dismissal. *See Taylor v. Lovelace Clinic,* 78 N.M. 460, 462-63, 432 P.2d 816, 818-19 (1967) (affirming the dismissal of a declaratory judgment action that was premised on a contract claim for which the applicable statute of limitations had run). Although the district court's oral ruling was focused primarily on the issue of the parallel litigation in another district

6

court, the issue of the statute of limitations had been briefed and argued by the parties, and the district court's written order was based generally on the papers and arguments before it, and therefore encompassed the statute of limitations argument. In the alternative, to the degree that the district court's ruling was based solely on the pending parallel litigation, this Court may affirm the district court if it is right for any reason, *see Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154, and Van Auken has not established that affirmance on this ground would be error.

We also deny Van Auken's motion to amend the docketing statement to add the issue of whether the district court erred in granting the injunction in this case because he has failed to demonstrate that this issue is viable. Catron's motion for injunctive relief alleged that Van Auken had filed four separate cases against him between 2006 and 2011, all involving interpretation of the trust. [RP 38] Catron also represented that Van Auken engaged in most of the lawsuits pro se, although he was occasionally represented by an attorney. [RP 38] Several of these cases were dismissed because Van Auken was engaging in the unauthorized practice of law by representing the trust even though he was not an attorney. *See, e.g., Lee v. Catron*, 2009-NMCA-018, ¶¶ 4-5, 145 N.M. 573, 203 P.3d 104 (affirming the dismissal of Van Auken's case against Catron because when a trustee acts on behalf of a trust he acts for all beneficiaries and

7

because a non-attorney trustee therefore cannot represent a trust unless he is the sole beneficiary). Van Auken persisted in attempting to represent the trust, despite repeated rulings that he could not do so. [RP 40] *See Seton Family Trust Interests ex rel. Van Auken v. Wirth*, No. 30,215, slip op. (N.M. Ct. App. Aug. 18, 2010) (affirming the dismissal of Van Auken's suit against Catron and others because Van Auken could not represent the trust pro se).

The district court granted the motion and issued an injunction stating that Van Auken was permanently enjoined from "(1) filing any civil or criminal action against Fletcher R. Catron in any state or federal court in the State of New Mexico, or (2) filing any pleading or paper in any existing action in such court." [RP 98] The exception to these prohibitions was that Van Auken could make such filings if he was represented by an attorney licensed to practice law in the State of New Mexico and a court in the State of New Mexico granted counsel "permission to file the action, pleading, or paper, after notice and an opportunity to be heard on counsel's application has been provided to Fletcher R. Catron." [RP 98-99]

Although we agree with Van Auken that there is a constitutional right of access to the courts, that right may properly be limited based on a party's conduct in litigation. *See Lepiscopo v. Hopwood*, 110 N.M. 30, 32, 791 P.2d 481, 483 (Ct. App. 1990) (stating that when there is a pattern of vexatious filings, courts can

8

constitutionally restrict access to the courts).  "Where a litigant has a history of filing meritless, vexatious lawsuits, . . . and where that pattern unduly burdens the judicial system, courts can constitutionally restrict the litigant's access to the courts." *Id.*  Van Auken does not dispute that he filed four different lawsuits against Catron over a number of years all regarding the same subject matter and then conducted those lawsuits in such a way that the merits could not be reached.  Neither does he provide this Court with any authority from this or any other jurisdiction demonstrating that the limitations set by the district court were unduly burdensome on his constitutional rights under the circumstances.  We therefore assume that no such authority exists.  *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists).  Accordingly, Van Auken has not demonstrated that the district court erred in enjoining Van Auken from further action against Catron unless he is represented by an attorney and the attorney seeks permission from a court to take such action.

Van Auken has not specifically challenged the district court's action in placing limitations on his conduct in any federal lawsuits against Catron.  Therefore, we need not consider whether the district court had jurisdiction to extend the scope of its order to cases filed in federal court.  *See In re Doe*, 98 N.M. 540, 541, 650 P.2d 824, 825

(1982) (indicating that an appellate court should not reach issues that the parties have failed to raise in their briefs).

Therefore, for the reasons stated in this opinion and in this Court's notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**